THE KANSAS CITY, FORT SCOTT & GULF RAILROAD CO. v. J. T. EWING.

RAILROAD STOCK LAW OF 1874; *Fence; Damages; Liability.* Where a railway company, by the mere license or permission of another company, runs an engine over the road of the latter company without being the assignee or lessee of such company, and a cow is killed by the engine on the road, which injury occurs not from any negligence in the running of the engine, but in consequence of the omission to inclose the road with a good and lawful fence, to prevent animals from being on such road, a judgment for damages, attorney's fees and costs may be properly rendered against the company owning the road.

18 — 23 KAS.

*Error from Bourbon District Court.*

ACTION brought by *Ewing*, against the *Railroad Company*, to recover damages for killing a cow belonging to plaintiff. Trial at the September Term, 1879, of the district court, and judgment for plaintiff. The defendant brings the case to this court.

*Blair & Perry*, for plaintiff in error.

*Lowe & French*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action under the stock law of 1874. The record is brief, and discloses but a single question for the consideration of this court. The plaintiff in error (defendant below) is a railroad company, operating its road through Bourbon county. The defendant in error (plaintiff below) is a farmer, living near the railroad. On May 25th, 1879, a cow owned by the defendant in error was killed, on the road of the plaintiff in error. The date of the accident was Sunday. The defense was, that the animal was killed by an engine of the Joplin railroad company that was run over the Kansas City, Fort Scott & Gulf railroad. The evidence upon this point was as follows:

*Charles Welsh*, being sworn, testified: "In May last I was at Pawnee, Kansas. I was station agent at that place for defendant. There were no trains of the defendant run over the part of defendant's road between Godfrey and Pawnee on Sunday, May 25, 1879. There were no engines run over that part of the road. All the regular trains are abandoned on Sundays, and on that particular date there were no extra trains run. I was at the station-house at Pawnee all day. There was a locomotive run over the road that day. It was the engine of the Joplin railroad company. I know it was a Joplin engine, because the name of the Joplin road was on the engine. The Gulf road may have bought the engine, but my judgment is it was a Joplin engine. The engineer was an employé of the Joplin railroad company. I know it, because he had drawn his pay from the Joplin R. R. Co. in my

presence. He never ran but that one engine on the road. I knew all the engineers and employés of the defendant, and this man was not one of them. He might possibly have been in the employ of defendant for that day, but I don't think he was."

Judgment was rendered in the district court in favor of Ewing, against the railroad company (plaintiff in error), for the value of the cow, attorney's fees, and costs. The company brings the case here.

The stock law of 1874 provides that where the road of a railway company is not inclosed with a good and lawful fence, the company shall be liable to pay the owner the full value of each and every animal killed, and all damages to each and every animal wounded, by the engine or cars on such railway, irrespective of the fact as to whether such killing or wounding was caused by the negligence of such railway company or corporation, or not. If it be a fact that the engine belonged to the Joplin railroad company, and was actually operated, on May 25th, 1879, by the latter company, on the Kansas City, Fort Scott & Gulf railroad, we must presume, under the testimony, that the engine was run on the road with the license and permission of the Gulf railroad company; and therefore, the Joplin railroad company would be deemed the servants and agents of the plaintiff in error. The case would be very different if the injury had happened from the act of strangers. The gist of the action is negligence in not inclosing the road. Under these circumstances, the injury was properly chargeable to the Kansas City, Fort Scott & Gulf railroad company, on whose road it happened. Whether the Joplin railroad company would also be responsible, for presuming to use the road of the Gulf company, fenceless and unprotected, we need not now decide.

The judgment of the district court will be affirmed.

All the Justices concurring.