THE WICHITA & COLORADO RAILWAY COMPANY v. W. E. GIBBS.

1. RAILROAD STOCK LAW—*Action, Where Brought.* In an action brought under the railroad stock law of 1874, it is essential to allege that the stock was killed or injured in the county in which the action was brought. But where the plaintiff alleges that the defendant company owned and operated the road over and across the plaintiff's premises in Reno county, and that the defendant killed the plaintiff's cow "on the said railway track of said defendant and by the operation of said railway," and no other railroad or railway track is mentioned in the pleadings except the one through the plaintiff's farm, the pleadings sufficiently show that the accident occurred in Reno county, where the action was brought.

2. COW KILLED—*Action Maintained.* Where a railroad company owns and operates a railroad, the construction of which is not entirely finished, and while so operating the road permits the contractor who constructed the road to run his construction train over the road so owned and operated by the company, and which at the time is unfenced, and a cow is killed by the construction train in consequence of the omission to enclose the road with a fence where it could have been fenced, an action may be maintained against the railroad company to enforce the statutory liability for the loss of the cow. (*Railroad Co. v. Ewing*, 23 Kas. 273; *Railway Co. v. Wood*, 24 id. 619.)

3. —— The rejection of testimony which only tended to establish questions not in dispute is not error.

4. —— *Excessive Verdict.* The verdict in the case found to be excessive, and the judgment is directed to be modified in accordance with the undisputed testimony as to the amount of damages sustained.

*Error from Reno District Court.*

THE opinion states the facts. Judgment for plaintiff, *Gibbs*, at the July term, 1888. The defendant *Company* brings the case here.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error; *Davidson & Williams,* of counsel.

*R. A. Campbell,* and *W. E. Vincent,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by W. E. Gibbs against the Wichita & Colorado Railway Company to recover, as damages, the value of the plaintiff's cow and calf, alleged to have been killed by the negligence of the railway company in the operation of its railroad, at a point where it was not fenced. The jury returned a verdict in favor of Gibbs for $64.59, and judgment was rendered thereon. The railway company alleges numerous errors. The first complaint is, that the amended bill of particulars, upon which the case was tried, failed to state facts sufficient to constitute a cause of action, and therefore the court erred in overruling the demurrer thereto. As the action was brought under the railroad stock law of 1874, it was essential to allege that the stock was killed or injured in the county in which the suit was commenced; and it is contended that there is an entire omission of any allegation in regard to the county in which the animal in controversy was alleged to have been killed. Although the allegations are not as explicit in this respect as they should have been, we think they sufficiently show that the accident occurred in Reno county, where the action was brought. It is alleged that the defendant company owned and operated a road over and across the plaintiff's farm, describing it, in Reno county, Kansas, and that the defendant killed plaintiff's cow "on the said railway track of said defendant, and by the operation of said railway." No other railroad or railway track is mentioned in the pleadings except the one through the plaintiff's farm, which is alleged to be in Reno county.

It was found by the jury that the cow was killed by a train operated upon the line of the Wichita & Colorado railway, but that it was killed by a construction train operated and controlled by Guy Phillips. He contracted to build the railway for the company for a stipulated consideration, and at the time the cow was killed the road was incomplete. The company complains because the court refused to receive in testimony the contract between the company and Phillips, which was offered for the purpose of showing that the killing oc-

curred when the road was in the course of construction and was still under the control of the contractor. The contract, however, contained nothing showing who was in control of the road at the time complained of, nothing which would shed any light upon the questions in dispute, and hence the testimony offered was immaterial. There was no question but that Phillips was the contractor engaged in building the road between Wichita and Hutchinson, nor any question that the construction of the road was not entirely finished. There is evidence, however, that the road was so far completed through the land of the defendant in error that it could be used by the company, and that the railway company was in possession of the road when the accident is claimed to have occurred. It was operating regular trains through his farm, and carrying both passengers and freight.

It is claimed by the company that, because the cow was killed by the construction train, which was operated and controlled by the contractor, it cannot be held liable for damages. The record shows that the company was the owner of the road, and was engaged in its operation. The fact that the road was incomplete, or that the company permitted Phillips to run a construction train over it, will not absolve it from liability. It was not inclosed with a lawful fence, and the statute casts a liability upon the company for cattle killed or injured by the engine or cars on such railway, "and that this does not require that such engine and cars be owned and operated by the company, was decided in the case of *K. C. F. S. & G. Rld. Co. v. Ewing*, 23 Kas. 273." (*K. P. Rly. Co. v. Wood*, 24 id. 619. See, also, *Railway Co. v. Curl*, 28 id. 622.) Under the cases cited, the contention of the plaintiff in error cannot be sustained, and there was no error in refusing the instruction which was requested, or in denying the motion of plaintiff in error for judgment upon the findings of the jury.

The objections made against the admission of testimony are not good. The company contends that the verdict is not sustained by sufficient evidence. The testimony, though very weak, tends to sustain the claim of the defendant in error that

the cow was killed in the operation of the railroad; but we are unable to find testimony which justified the jury in awarding damages in the sum of $64.59. The evidence of the plaintiff and his witnesses placed the value of the cow at $35, and the question of damages for the loss of the calf was excluded from the consideration of the jury. The only evidence as to any attorney's fee fixed the sum of $20 as a proper and reasonable charge. Gibbs, then, is entitled to $35, the value of the cow, with interest at 7 per cent. on that sum from September 4, 1886, when the cow was killed, until July 18, 1888, when the verdict was returned, which was $4.59, making the amount $39.59; and this amount, with the $20 attorney's fee, is all that should have been included in the verdict. The judgment must, therefore, be modified, and the case is remanded, with the direction to the district court to enter judgment in favor of Gibbs for $59.59.

The costs in this court will be divided between the parties.

All the Justices concurring.