THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. ALMON RICHARDS.

No. 10066.

EXCESSIVE VERDICT—*not from miscalculation but from jury's unfairness, not curable by ordering remission of part.* It is the duty of the trial court which finds that a verdict for damages' for bodily injuries negligently inflicted is excessive in amount, and that such excess is not due to inadvertence or errors in calculation, but is excessive in view of the character and extent of the injuries sustained, and does not express the real opinion of the jury as to the allowance justly to be made, to set such verdict

aside and award a new trial of the cause; and the error of its failure to do so cannot be cured by ordering a remission of a portion of the sum adjudged to be excessive.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed June 5, 1897. *Reversed.*

*A. A. Hurd, O. J. Wood* and *W. Littlefield,* for plaintiff in error.

*E. D. McKeever,* for defendant in error; *David Overmyer,* of counsel.

DOSTER, C. J. This was an action for the recovery of damages for bodily injuries sustained by the defendant in error, a passenger on one of the trains of the plaintiff in error. A verdict was returned for five thousand dollars. The court, in passing upon a motion for a new trial, remarked and decided as follows:

"That this man was badly hurt, no one denies; but he did not lose any limbs, and, although he was injured internally at the time, he has recovered from his injuries, and the judgment rendered by the jury was excessive. It was not the sentiment of the jury that he should have had as much as was allowed, but there were two men on the jury who were determined he should have five thousand dollars or nothing. I know this to be so, for one of the jurors told me so, soon after the verdict was rendered. The only real injury the man still sustained was to his foot, and then it took an expert physician to determine that he did not have the full use of his large toe. There is no question but that the steam heater on the car was dangerous. The only expert on steam appliances introduced said that any steam or hot-water heater that had no steam gauge is dangerous, and this Martin heater did not have a steam gauge. I will overrule the motion for a new trial providing the plaintiff's attorney will agree to a reduction of the verdict to thirty-five hundred dollars; which, in my opinion, is about five hundred dollars too much."

In the face of this expressed opinion, finding in reality that the verdict, as returned, was excessive, and in the face of the fact that, as remitted by plaintiff, it was still excessive by at least five hundred dollars, it cannot be allowed to stand. It has repeatedly been held by this court that, if a verdict for damages is, in the judgment of the trial court, excessive, and the result of inconsiderate judgment or unfairness of action, it is its duty to set it aside and award a new trial, instead of ordering a remittitur of the amount deemed to be excessive. And where the record as brought to this court shows that, in the judgment of the court below, the sum awarded by the jury was in substantial excess of a just allowance and was awarded without due and careful consideration, a retrial of the cause will be ordered, notwithstanding the remission of the sum deemed to be unjust. *A. T. & S. F. Rld. Co. v. Dwelle*, 44 Kan. 394; *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 id. 1; *Richolson v. Freeman*, 56 id. 463; *Drumm v. Cessnum*, ante, p. 331.

The jury are as much the judges of the amount justly due as they are of any other question in the case, and the court should not substitute its own opinion for that of the jury in the determination of this, the principal fact to be tried in the case. It is not merely in cases where the excessive sum appears to have been returned through the influence of passion or prejudice that it becomes the duty of the trial court to interfere to prevent the imposition of an unjust amount upon the losing party. In *K. C. W. & N. W. Rld. Co. v. Ryan*, supra, litigants were reminded —

"It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same. When the judgment of the trial judge tells him the verdict is wrong,

whether from mistake, or prejudice, or other cause, no duty is more imperative than that of setting it aside and remanding the questions at issue to another jury. While the case is before the jury for their consideration, the jury are the exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the trial judge to determine whether the verdict is erroneous.''

In this case, an additional element of error is disclosed in the remarks of the court. The verdict was permitted to stand for a sum five hundred dollars in excess of what the court adjudged to be a just allowance. If a judgment for an excessive sum could be abated to a reasonable amount by the trial court, and the wrong committed by the jury in that way redressed by the judge, it could only be done by ordering the abatement of the whole of the excess. It could not be done by ordering the remission of a portion only, leaving the verdict to stand for a sum in substantial excess of a just amount.

Former decisions of this court are cited as sustaining the power of a trial court to order the remission of a portion of the sum awarded by the verdict in personal-injury cases and to enter judgment for the remainder. An examination of such cases will disclose an element which is lacking in this case, and this case also discloses an element lacking in those. In the cases cited, the excess seemed capable of measurement, at least capable of approximation, by rules; and was not arbitrarily declared by the unguided judgment of the trial court. In *Broquet v. Tripp* (36 Kan. 700), the court ordered the remission of a portion of the verdict for damages for communicating disease to sheep, whereby some of them died and others were injured. Evidence of the value of the sheep lost, of the deterioration in value of those injured, and of the cost of the care and

attention which it became necessary to bestow upon them, furnished guides to the judgment of the court as well as of the jury. The damages were capable of measurement by mathematical computation upon the basis of market values. This court, in the opinion, remarked :

" In actions for damages of this kind, the excess in the verdict, above what the evidence might justify or satisfactorily establish, may, with the consent of the party in whose favor the verdict was given, be remitted, and judgment entered for the residue. The exercise of such power is sanctioned on the theory that the excess arises either from error of law, misapprehension of the facts, or error in computation by the jury, and that such error does not permeate the entire verdict, and therefore it is competent to correct it."

The case of *K. C. W. & N. W. Rly. Co. v. Ryan*, supra, was that of an excessive verdict for land damages, in which the trial court might have calculated, from the evidence, the amount of a just award, and ordered a remission of the excess ; but instead of doing so, it allowed the verdict to stand, although declaring that it did not meet its approval and that it was, in its judgment, largely in excess of just compensation. Had the court ordered the entry of a remittitur in that case, and then overruled the motion for a new trial, as was done in *Broquet v. Tripp*, supra, its action might have met the approval of this court.

In *U. P. Rly. Co. v. Mitchell* (56 Kan. 324), the court below filed a written opinion, in passing upon the motion for a new trial, and, as remarked by this court in reviewing the case, intimated nothing in the way of passion or prejudice on the part of the jury. In that case, the trial court, in determining the amount of the excess, took as a guide the decisions of this court in similar cases, in which verdicts were disapproved because excessive, and in which just allow-

ances were suggested upon a review of the evidence, and a comparison with like cases. In the case under consideration, the court below distinctly declared that the verdict was excessive, not because of any error in computation of damages nor as compared with verdicts in similar cases, but because the injuries sustained were not of such substantial and permanent character as to justify the award returned, and because the court did not believe the real sentiments of a majority of the jury favored the large allowance made.

It is manifest that, if the trial court was correct in its views of the character and extent of the injuries which defendant in error sustained, and correct in its belief that the verdict returned did not express the real sentiments of the jury as to a just allowance, the plaintiff in error did not have a fair trial.

We have examined the record and find it does not support the claims of the defendant in error in his motion to dismiss; and it is unnecessary to examine the other claims of error raised by the Railroad Company.

The judgment is reversed and a new trial ordered.