THE FORT SCOTT, WICHITA & WESTERN RAILWAY COMPANY v. DON KINNEY, *Administrator of the Estate of Hugh Fox, deceased.*

### No. 233.

PRACTICE—*Excessive Verdict—Duty of Court.* Where the trial court finds that the verdict is excessive and not sustained by the evidence, and that such excess is not due to inadvertence, error of law, misapprehension of the facts, or error in computation by the jury, the verdict should be set aside and a new trial granted.

Error from Harvey district court; F. L. MARTIN, judge.   Opinion filed July 13, 1898.   Reversed.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*Peters & Nicholson*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced by Hugh Fox in the district court of Harvey county to recover damages for the obstruction of ingress and egress to and from his premises, by reason of the construction and operation of a line of railway by plaintiffs in error.

The case was tried to a jury, and a verdict rendered

in favor of plaintiff below for $892.55.    On motion for
new trial the court found as follows :

"The court, being fully advised in the premises,
finds that the verdict of the jury is excessive and not
sustained by the evidence in the cause ; and it is there-
fore considered, ordered and adjudged by the court,
that unless the plaintiff shall remit $180 of the prin-
cipal sum awarded by the jury in the verdict, and ac-
cept judgment for $500, with interest thereon from the
date named in the petition and in the instructions of
the court, the motion for a new trial will be sustained.

"Whereupon the plaintiff in open court remitted
$180 of the principal sum awarded by the jury, and
stated that he would accept the judgment for $500,
with interest as aforesaid and as ordered by the court.
Whereupon the court, being fully advised in the prem-
ises, finds that said motion for a new trial be and the
same is hereby overruled, to which findings, orders
and ruling of the court said defendants, and each of
them, then and there duly excepted and excepts."

The trial court finds that the verdict is excessive and
not sustained by the evidence.    This finding brings
the case within the rule laid down in the case of *A . T.
& S. F. Rld. Co. v. Richards*, 58 Kan. 344, and cases
there cited and reviewed.    The court says :

"It is the duty of the trial court which finds that a
verdict for damages for bodily injuries negligently in-
flicted is excessive in amount, and that such excess is
not due to inadvertence or errors in calculation, but is
excessive in view of the character and extent of the
injuries sustained, and does not express the real opinion
of the jury as to the allowance justly to be made, to
set such verdict aside and award a new trial of the
cause ; and the error of its failure to do so cannot be
cured by ordering a remission of a portion of the sum
adjudged to be excessive."

A large number of errors are assigned and discussed
by plaintiff in error, but for the reason given the
judgment of the district court is reversed.