THE SOUTHWESTERN MINERAL RAILWAY COMPANY v.
CHARLES E. CROSS.

### No. 331.

CONDEMNATION PROCEEDINGS—*Computation of Damages—Remission of Improper Items.* Where it appears that certain specific items of damages are inadvertently included in a general verdict, and where, from the evidence and findings, the trial court can, from mathematical computation, arrive at a just award, it is not error for the trial court, with the consent of the plaintiff, to order a remission of the excess in the amount of the items erroneously included in the general verdict.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed August 18, 1898. Affirmed.

*T. N. Sedgwick*, for plaintiff in error.

*Nelson Case*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is a proceeding by plaintiff in error to reverse a judgment of the district court of Cherokee county awarding damages to the defendant in error for the taking of a right of way by the plaintiff in error. On motion of the railway company, the plaintiff below was required by the trial court to file a bill of particulars.

The plaintiff in error, defendant below, filed a motion to make this bill of particulars more definite and certain " by setting forth specifically how and in what manner his land is damaged aside from the land actually taken, and to set forth specifically the elements of damage which he claims, for the reason that his said bill of particulars, as it now stands, alleges a mere conclusion, and does not specify the facts which go to show that the plaintiff is damaged otherwise than by the land actually taken."

The overruling of this motion is the first assignment of error. A like petition and motion are filed in this case as were filed in the case of *Railway Co. v. Russell*, ante, page 503, just decided by this court, wherein it was held that the overruling of the motion by the trial court was not error.

The second error complained of is, "That the court below erred in not setting aside the verdict and granting the defendant a new trial, or in not reducing the verdict to the sum of $650."

The verdict as returned by the jury was for $1400. The court, with consent of the plaintiff below, reduced the verdict to $876.73. The special findings are as follows :

"1. How many acres does plaintiff own in section 17, township .32, range 22? Ans. 200 acres.

"2. How many acres were taken by defendant for right of way? A. 6.41 acres.

"3. How many acres of said tract are there north of the right of way? A. 153.59.

"4. How many acres of said tract are there south of the right of way? A. 40.

"5. For what purpose does plaintiff use his said land? A. Farming and stock-raising.

"6. What was the fair and reasonable market value per acre of said farm before right of way was condemned through the same? A. $27 per acre.

"7. What was the fair and reasonable market value of land taken for right of way in west eighty? A. $100.

"8. What was the fair and reasonable market value of land taken for right of way in east eighty? A. $380.

"9. What was the fair and reasonable market value per acre of the remainder of said farm after right of way was condemned through same? A. $24.93.

"10. How much damage do you allow on account of short rows? A. $100.

"11. How much damage do you allow on account of inconvenience in crossing track? A. $200.

"12. How much damage do you allow for interference with or increase in flow of surface-water? A. $25.

"13. How much do you allow for damage on account of accidental fires? A. None.

"14. How much do you allow for accidental killing or injuring of stock? A. None.

"15. How much do you allow as damage for inconvenience in handling stock? A. $100.

"16. How much do you allow as damage for inconvenience in handling crops? A. $95.

"23. In the value you have given for right of way in the east eighty, do you take into consideration the trees growing thereon?. A. Yes.

"24. If you answer the last question 'Yes,' you may state how much you allow for each tree and the number of trees. A. Seven dollars per tree and forty trees."

It is now contended that on these findings the court should have set the verdict aside or reduced it to the sum of $650.

Plaintiff's damage consisted of "the value of the land actually taken plus the difference in the value of the remainder just before the road was laid out and after its construction." These two items of damage were properly called for by the special questions propounded by the railway company. The jury find the land actually appropriated to be worth $100 and $380, that is, $480, and the difference in value of the remainder before and after the construction of the road to be $400.73, which makes a total of $880.73 as the amount complainant was entitled to recover.

It is apparent that the jury took the wrong view, and from the special findings included in the general verdict the several items stated in the findings, in addition to those named ; for, if we add to the sum

given above the five amounts named by them in response to questions 10, 11, 12, 15, and 16, we have the amount of the general verdict. The items of damage excluded by the court are definitely found by the jury and erroneously included in the general verdict. From the evidence, we cannot say that the verdict is tainted with prejudice. The excess appears to have been due to inadvertence.

The trial court could calculate from the evidence and findings the amount of a just award. The remission was accepted by the plaintiff below. Applying the law as reviewed and stated in the case of *Railroad Co. v. Richards*, 58 Kan. 344, to the facts in this case, we think the judgment of the district court should be affirmed.