## LUSK et al. v. EDDINGTON.

No. 7638—Opinion Filed July 25, 1916.

(159 Pac. 491.)

**Railroads — Operation — Companies Liable— Licensee.**

Where the receivers of a railroad company, by mere license or permission of another railroad company, without being the lessee of such company, run trains over a road owned and operated by such other company, and in so doing, kill live stock on such road, which injury occurs, not from any negligence in the operation of the particular train, but in consequence of the omission to inclose the road with a good and lawful fence, such receivers are not liable.

(Syllabus by Edwards, C.)

Error from County Court, Carter County; Thomas W. Champion, Judge.

Action by S. P. Eddington against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiffs in error.

J. B. Champion, for defendant in error.

Opinion by EDWARDS, C. As a matter of convenience, the parties will be referred to as plaintiff and defendants, according to their position in the lower court.

This action was instituted by the plaintiff, in the justice court of Carter county, and from the judgment rendered for the plaintiff in that court was appealed to the county court, and there tried and judgment again rendered for the plaintiff, and the defendants appeal to this court. The record discloses that on the 11th day of July, 1914, a yearling bull, the property of plaintiff, was killed upon the railroad right of way at Mullen's Crossing, four miles east of Ardmore, and that on the 7th day of July, a cow, the property of plaintiff, was killed about three miles east of Ardmore. This action is to recover damages for the killing of said animals. The record discloses that the line of railway upon which the animals were killed is owned by the Rock Island Railroad, but that the defendants, as receivers of the Frisco Railroad, operated trains over said line. The theory of the plaintiff is that by reason of the failure, refusal, and neglect of the defendants to keep up the fence along the right of way, which they wrongfully, carelessly, and negligently permitted to be left open and down, that the live stock strayed upon the right of way and were killed. No one testifies as to the actual circumstances under which the animals were killed, but from the time fixed by some of the witnesses, at which the train of the Frisco passed over this part of the track, there is possibly evidence to warrant the jury in finding that the animals were killed by a Frisco train.

The statute covering the fencing of its line by a railroad (sections 1435 and 1438, Revised Laws of 1910) is as follows:

"1435. It shall be the duty of every person or corporation owning or operating any railroad in the state of Oklahoma to fence its

road, except at public highways and station grounds, with a good and lawful fence."

"1438. Whenever any railroad corporation or lessee, person, company or corporation operating any railroad, shall neglect to build and maintain such lawful fence, such railroad corporation, lessee, person, company or corporation operating the same, shall be liable for all animals killed by reason of the failure to construct such fence."

In the case of K. C., F. S. & G. R. Co. v. Ewing, 23 Kan. 273, under a similar statute, it is held:

"Where a railway company, by the mere license or permission of another company, runs an engine over the road of the latter company, without being the assignee or lessee of such company, and a cow is killed by the engine on the road, which injury occurs not from any negligence in the running of the engine, but in consequence of the omission to inclose the road with a good and lawful fence, to prevent animals being on such road, a judgment for damages, attorney's fees and costs may be properly rendered against the company owning the road."

The court declined to decide whether or not the company operating the particular train by which the animals were killed would in any event be liable.

It is not contended in the case at bar that these defendants, or the railroad company for which they are receivers, owned the road upon which the animals were killed, nor is it contended that they operated the same or that they did more than operate trains upon this line of road, which was owned and operated by another railroad corporation.

In the case of K. P. R. Co. v. Wood, 24 Kan. 619, in which the Kansas Pacific Railway Company was sued for damages for animals killed upon its road by reason of failure to fence and in which the plaintiff recovered judgment against the railroad company for damages for stock killed by a train upon such road, operated by the receivers, the question was, whether or not the company or the receivers were liable. Justice Brewer, in rendering the opinion, says:

"Upon the other question, as the statute has made no exception on account of a receiver, the courts are not warranted in making one. This is not a case in which a party is relieved from a statutory duty because a superior duty or force prevents compliance. It may be true, as counsel urge, that after full possession has been transferred to the receiver, the company may not enter to build the fence, and that the court appointing the receiver would punish for contempt any such interference with his possession. If the statute had been enacted after the appointment of a receiver, it may well be that this argument would be conclusive. But here the

statute was in force years before the appointment of any receiver. The company failed to comply with its behests. It accepted the alternative, i. e., liability for all stock killed by trains run upon its road. This liability arises, not from any negligence in the running of the trains, any misconduct of the receiver or his employees. If it did, it might well be argued that his should be the responsibility. The default is that of the company. It did not complete its road as the statute contemplated that it should be completed. It is not the theory of the law, that the receiver succeeds to the company in all its powers and duties of construction and completion of the road. He simply preserves the property pending the litigation for its future owners. He takes the road as he finds it, and unless specially ordered otherwise by the court appointing him, he discharges his full duty, and is guilty of no omission, no misconduct, if he turn it over at the close of his trust in as good condition as he received it. So that it cannot be said that the want of a fence is his default. Whether the property of the corporation in his hands can be charged with injuries resulting from the default of the company prior to his appointment, we need not stop to inquire. By the record, the only one in default was the company, and it alone is sought to be charged with the responsibility. * * *

"A distinction may be drawn between those statutory duties which require constant action on the part of those operating the road, such as ringing the bell at every crossing, and those which, like the one in question, are of the nature of permanent improvements. If the company has complied with the former while it was running and operating the road, an omission during the possession of the receiver may not be the default of the company. But an omission of the latter, when the company had the power and opportunity to obey, is its default, and one for which it remains liable so long as its chartered relations continue to the road."

There is no particular difference between the statute under consideration by the Kansas court and the statute here. It will be observed that by our statute (section 1438), supra, the lessee, person, company, or corporation operating any railroad, who shall neglect to build and maintain a lawful fence, is made liable for all animals killed by reason of such failure. This statute does not require that the train doing the injury be owned and operated by the company owning and operating the road, but the liability fixed is general for "all animals" killed. The statute does not mention the matter of negligence in the management of the train doing the injury, nor make the liability contingent in any particular upon negligence in its operation, and, in our judgment, if the negligent operation of a train would make the company operating the same liable for the ani-

mals killed by such negligence, it would still not relieve the company owning and operating the road from its statutory liability by reason of failure to build and maintain a fence. In the case at bar, however, there is no competent evidence whatever that there was any negligence in the operation of the train by which the animals in question were killed, and, in the absence of such evidence, the defendants in this case are not liable.

The case is reversed and remanded.

By the court: It is so ordered.