## SIMEON B. BELL v. CHARLES MORSE.

**PREJUDICE OF JURY**—*Excessive Damages*—*New Trial.* Where the damages awarded by a jury are grossly excessive, and appear to have been given under the influence of passion and prejudice, the verdict should be set aside and the cause submitted to the judgment of a jury free from bias, prejudice, or passion. (*Steinbuchel v. Wright*, 43 Kas. 307; *Railroad Co. v. Dwelle*, 44 id. 410.)

*Error from Johnson District Court.*

ACTION for malicious prosecution. Judgment for plaintiff, *Morse*, at the January term, 1889, for $400. The defendant, *Bell*, brings the case to this court.

*John T. Little*, and *I. O. Pickering*, for plaintiff in error.

*F. R. Ogg*, and *Parker & Seaton*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for malicious prosecution, brought by Charles Morse against Simeon B. Bell. Morse was a young man employed by Bell upon his farm, and after Morse had left his employment he found some of his harnesses missing; and, suspecting that Morse had taken them, he took the advice of attorneys, and then made an affidavit charging Morse with the larceny of the property, and stating that he suspected it was concealed on the premises of Wilber Morse, who was the father of Charles. Upon this affidavit a search-warrant was issued and placed in the hands of an officer, who, in company with Bell, made a search for the property but failed to find it. It appears that no arrest was made, and the proceeding so begun was abandoned and ended. Shortly afterward this action was begun, and a trial was had with a jury, which resulted in a verdict awarding damages against Bell in the sum of $1,000. A motion for a new trial was made, alleging that the damages awarded by the jury were excessive, and appeared to have been given under the influence of passion and prejudice. The court

ruled that a new trial would be granted unless Morse would remit $600 of the amount awarded. The *remittitur* was made, and the motion was then overruled and judgment given against Bell in the sum of $400.

The most serious objection to the rulings of the court is the denial of the motion for a new trial. One of the statutory grounds for a new trial is the award of excessive damages, appearing to have been given under the influence of passion and prejudice. The action of the court in finding that the greater part of the award made by the jury was excessive, and requiring the plaintiff below to remit the same, clearly indicates the view of the court. It is evident from this finding and the proceedings in the case that the jury were influenced by passion and prejudice in rendering the verdict which was so grossly excessive, and within the authority of the cases already decided a new trial should have been granted. (*Railway Co. v. Hand,* 7 Kas. 380; *Railroad Co. v. Cone,* 37 id. 567; *Steinbuchel v. Wright,* 43 id. 307; *Railroad Co. v. Dwelle,* 44 id. 410.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.