## WILLIAM DENNIS, *as Sheriff of Nemaha County,* v. JOHN Y. BENFER.

1. POVERTY AFFIDAVIT—*Rulings not Reviewed.* Where both parties appear in court, and announce themselves ready for trial, and thereupon a trial is had, at which the defendant as well as the plaintiff introduces testimony, and a verdict is rendered in favor of the plaintiff, this court will not review the rulings of the district court with reference to the form of a poverty affidavit, and denying the defendant an opportunity to contradict the statements contained in it.

2. EXEMPTION, *Failure to Claim — No Waiver of Rights.* A sheriff has no right to levy on the exempt personal property of a debtor who is temporarily absent from the state. Under such circumstances, the failure of the defendant, who has no knowledge of the levy, to claim his exemption, or demand the return of the property before actual sale by the sheriff, is not a waiver of his rights, and does not bar him from recovering from the sheriff the value of the property taken.

3. ———— *Reduction of Judgment.* Plaintiff brought suit to recover the value of a large number of articles. The jury was required to make a special finding as to each item. There was a failure of testimony as to a few small items, and as to a few others the value placed by the jury is above that fixed by the testimony. *Held,* That the judgment should be reduced by striking out the amount of these errors, which can be clearly ascertained from the undisputed testimony in the case.

### *Error from Nemaha District Court.*

ACTION by *Benfer* against *Dennis,* as sheriff of Nemaha county. The defendant brings here for review a judgment for plaintiff. The opinion states the facts.

*Wells & Wells,* for plaintiff in error.

*R. M. Emery,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This was an action brought by Benfer against Dennis to recover the value of certain property claimed as exempt by the plaintiff, which had been levied on and sold by the defendant, as sheriff of Nemaha county. The first

errors assigned are with reference to the ruling of the court concerning a poverty affidavit filed in lieu of security for costs. An affidavit defective in form was first filed, and summons issued thereon. The defendant appeared specially, and moved to dismiss, on the ground that no security for costs or proper affidavit had been filed. The court permitted an amended affidavit to be attached to the petition and filed, and overruled the motion to dismiss. The defendant then filed a counter affidavit denying the statements of the plaintiff's affidavit of poverty, and offered to introduce proof as to his financial ability. This was rejected by the court. These rulings are assigned as error. The record recites that thereafter both parties appeared and announced themselves ready for trial. A jury was impaneled, evidence introduced on both sides, and a verdict and judgment rendered in favor of the plaintiff.

In view of these facts, we do not deem it necessary to examine into the correctness of the rulings of the court with reference to the affidavit. The case was tried, and resulted in a verdict in favor of the plaintiff, which carried costs against the defendant. We do not think, after the defendant has tried and submitted his case and been defeated, that the judgment should be set aside, even if there were error in the rulings complained of, though on this we intimate no opinion whatever. The demurrer to the amended petition should have been, as it was, overruled. The allegations were sufficient to show that the property levied on was exempt; that it was wrongfully seized and sold by the sheriff. The evidence was sufficient to show that the painter's tools and stock in trade were exempt. The evidence with reference to the furniture did not injure the defendant at all, because, under the instructions of the court, nothing was allowed the plaintiff on account of it. It appeared that at the time of the levy and sale the plaintiff was temporarily absent from the state.

It is urged that the instructions of the court with reference to the necessity of a claim of exemption by the plaintiff, and of a demand before the sale, were erroneous. It is contended

that, where a levy is made on exempt property, if the owner makes no claim of exemption, the sheriff may proceed to sell it, and the owner's right is waived by his silence. This is not the law. In *Rice v. Nolan*, 33 Kas. 28, it was said:

"We are referred by counsel to some decisions holding that it is the duty of the debtor to claim the exemption, or to make the selection, where a selection is necessary, at the time of the levy, and failing to do so, the right is forfeited and lost. These rulings are based upon the peculiar terms of the statutes of the states where the decisions were made. Under our statutes relating to exemptions, and the liberal construction which has been given to them, the view contended for is too narrow. We think that, unless the debtor has before that time unequivocally waived the exemption, he may make the claim and selection at any time before the sale, and he may assert the right even after the sale, where his acts and declarations before and at the time of the sale do not estop him." See, also, *Seip v. Tilghman*, 23 Kas. 289; *Gardner v. King*, 37 id. 671.

In this state, an officer has no right to levy on exempt property. If he does, it is at his peril. The plaintiff in this case was absent, and does not appear to have known what was being done, nor to have had an opportunity to claim the property before sale. We do not mean to intimate that, where the debtor knows of the levy and makes no claim, but by his words, or his conduct, consents to the seizure and sale that he may not waive his right to the property, but in this case there is nothing suggested as constituting a waiver but the plaintiff's absence from the state; the defendant claiming that he had absconded, while the plaintiff claims to have wandered away while in a state of mental aberration. We cannot declare that while a person is temporarily absent from his home a sheriff may seize and sell his implements of trade, or other exempt property, with impunity.

In the schedule of articles seized by the sheriff, and for the value of which the plaintiff asked judgment, are included more than 100 items. The court required the jury to specify in their verdict, not only how much they allowed in gross,

but the items and value of each. Counsel in their briefs point out discrepancies between the items included in the special verdict and the evidence. We find counsel have been hardly more accurate than the jury were. We do not think that the fact that several discrepancies exist between the verdict and the evidence indicates prejudice, or even carelessness, on the part of the jury. It is rather surprising that they should have been able to do as well as they did, considering the great number of articles. Nevertheless, the verdict must be based on evidence, and the plaintiff cannot recover for any article more than the value shown by the evidence. The fact that the valuation on other articles is lower than it might have been under the evidence, does not warrant us in upholding the verdict as to those articles concerning which there was either no evidence or only evidence of a lower valuation. We find discrepancies aggregating $53.29. The judgment in this case will be modified by deducting $53.29 from the amount thereof, and affirmed in all other respects.

All the Justices concurring.