## DAVID ATCHISON v. ISAAC PLUNKETT.

### No. 11,386.*   (59 Pac. 646.)

JURY AND JURORS—*Passion and Prejudice—New Trial.* In an action for personal injuries, the jury awarded damages alleged to be grossly excessive and to have been given under the influence of passion and prejudice, and this was made a ground for a motion for a new trial. After the argument of the motion, and before a ruling thereon had been made, the plaintiff remitted one-half of the amount of the award, and the court thereupon gave judgment for the remainder of the award. The evidence, as well as the action of the plaintiff, showed that the verdict was excessive and that a fair and impartial trial had not been had. *Held,* that it was the duty of the trial court to set aside the verdict and to grant a new trial.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed January 6, 1900. Reversed.

*J. H. Gillpatrick,* and *A. E. Dempsey,* for plaintiff in error.

*John H. Atwood,* and *J. C. Petherbridge,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Isaac Plunkett brought this action against David Atchison to recover for personal injuries. It appears that Atchison had an ice-house adjoining a public street of the city of Leavenworth, and attached to it and extending somewhat over the street was an appliance for lowering ice to the wagons, on which was suspended stones as a balance or brake to the appliance. One of these fell and struck Plunkett

* For opinion by court of appeals, see 8 Kan. App. 308, 55 Pac. 677.—REP.

on the head, injuring him to such an extent that he was unable to work for three weeks.    At the time of his injury he was earning $2.50 per day; and he incurred an expense of twelve dollars for medicines and medical attention.    At the trial the jury awarded damages in the sum of $800, and in the motion for a new trial Atchison alleged that the damages awarded were excessive, and appeared to have been given under the influence of passion and prejudice.    When the motion was argued, and before the ruling thereon was made, the plaintiff voluntarily remitted one-half of the damages awarded by the jury, and the court thereupon overruled the motion and gave judgment for $400.    Atchison, who brings the case here, insists that where the damages are so grossly excessive, as in this case, indicating that the jury did not perform its duty in a fair and impartial manner, the verdict could not be cured by a remittitur.

A review of the testimony leads us to the conclusion that the amount awarded was greatly in excess of a just allowance, and the remission of so large a sum by the plaintiff below is practically an acknowledgment of this fact.    The verdict was attacked upon that ground, and after the reasons had been stated before the court and were under consideration by it, and manifestly to avoid a ruling setting aside the verdict, the plaintiff remitted one-half of the award, and thus the claim that it was grossly excessive and inconsiderately given was confessed.    What intimation the court may have given is not stated in the record, but it is fairly inferable that so large a part of the award would not have been surrendered unless the court had in some way indicated its opinion of the verdict.    A remission by the plaintiff did not necessarily show that the verdict was excessive or did not meet the approval

of the trial court; but, considering the evidence and the action of the plaintiff in connection with the ruling of the court, we are satisfied that the verdict is excessive, and was so regarded, and that a fair and impartial trial has not been had.  When that appears, "the verdict should be set aside and the cause submitted to the judgment of a jury free from bias, prejudice or passion."  (*Bell v. Morse*, 48 Kan. 601, 29 Pac. 1086; *P. & P. Rld. Co. v. Montgomery*, 46 id. 127, 26 Pac. 403; *Railroad Co. v. Richards*, 58 id. 344, 49 Pac. 436.)

The error appearing to permeate the entire verdict, and there being no method to determine the excess, no other course is open than to set aside the verdict and grant a new trial.  The judgments of the court of appeals and of the district court will be reversed, and the cause remanded for a new trial.