THE KANSAS CITY, MEXICO & ORIENT RAILWAY
COMPANY v. BATHSHEBA TURLEY.

No. 14,041. (80 Pac. 605.)

SYLLABUS BY THE COURT.

RAILROADS—*Right of Way—Items of Damages—Special Findings.* In an action for damages where, in addition to the general verdict, special questions of fact are submitted to, and are answered by, the jury relative to the amount of the several items of damages allowed, and it is apparent that the jury in answering as to one item of the damages erroneously included another item of damages of a specific, definite amount, and such error was carried into the general verdict to the same amount, it is not error for the court to refuse to set aside such findings and to grant a new trial, but it may exclude such specific, certain item, so erroneously included in the general verdict, and award damages for the reduced amount so found; that is, it may deduct from the general verdict the amount of the evident error, if such error be specific and certain as to the amount, and be shown by other findings in the case.

Error from Sedgwick district court; DAVID M. DALE, judge. Opinion filed April 8, 1905. Affirmed.

*John A. Eaton,* and *B. F. Milton,* for plaintiff in error.

*Dale & Amidon, Conly & Conly,* and *James L. Dyer,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: The plaintiff in error, by condemnation proceedings, appropriated a right of way across a quarter-section of land in Sedgwick county, Kansas, belonging to the defendant in error. The latter appealed from the award of damages to the district court, where a trial was had before a jury, who returned a general verdict in favor of the plaintiff in the sum of $3151.80. The jury also returned answers to special questions submitted to them. The only ones

relating to the amount of the award of damages are the following:

"1.  What amount do you allow as the value of the land taken for the right of way of defendant over and across the southeast quarter of section 3, township 28 south, range 1 west, Sedgwick county, Kansas?  Ans. $429.60.

"2.  What amount do you allow as damages to the balance of the said southeast quarter of said section 3, township 28 south, range 1 west, Sedgwick county, Kansas, on account of the appropriation of the right of way over and across the same?  A. $2722.20.

"3.  What was the fair market value per acre of the southeast quarter of section 3, township 28 south, range 1 west, Sedgwick county, Kansas, just before the right of way was appropriated, upon September 18, 1903?  A. $60.

"4.  What was the fair market value per acre of the southeast quarter of section 3, township 28 south, range 1 west, Sedgwick county, Kansas, less the right of way appropriated by defendant, just after the appropriation of said right of way?  A. $45.

"5.  Do you award any damages to plaintiff on account of inconvenience in passing from one part of the land to the other over the right of way of defendant?  A. Yes.

"6.  If you answer the last question in the affirmative, then state the amount of your award on such account.  A. $700."

Upon the return of such verdict and special findings the defendant filed a motion for a new trial, and a motion for judgment upon the special findings notwithstanding the general verdict in favor of the plaintiff. The motion for a new trial and also the motion for judgment in favor of the defendant on the special findings were each denied and the ruling excepted to, and judgment was rendered in favor of the plaintiff for $2722.20.  The railway company brings the case to this court for review.

Error is assigned in the giving of certain instructions relative to the measure and the elements of the

17—71 KAN.

damages, and also to the refusal of the court to give other instructions requested by the defendant. We have examined all these assignments and have been unable to discover any substantial error therein prejudicial to the defendant. It is especially urged as error that the court, in stating the claim of the plaintiff for damages, copied the plaintiff's petition and permitted the jury to take the same with the instructions. This practice is not to be encouraged, and where the jury are referred to the petition, especially when the petition is lengthy and involved, for the purpose of determining for themselves the issues to be tried, it is erroneous; but in this case the issues to be tried were fairly stated by the court, aside from the petition, and instructions were fairly given upon the measure and elements of the damages to be considered. No substantial error was committed in this respect.

Again, it is urged that the court erred in refusing to send the jury to view the premises after they had heard the evidence in regard to the damages claimed. This is a matter that rests in the sound discretion of the court and we cannot say that that discretion was abused. The lay of the land and the location of the buildings, fences and tracts in cultivation were fully described by the evidence, and there was no considerable conflict in the testimony in regard thereto; hence, we do not see that there was any substantial reason for sending the jury to see the premises, although it is true that there was a great range and difference of opinion as to the amount of damages.

The next objection is that the court erred in not allowing the defendant's motion for judgment upon the special findings, on the ground that there was a conflict between the special findings and the general verdict. Special findings Nos. 1 and 2, taken alone, would sustain the general verdict. Special findings Nos. 1, 3 and 4 sustain the award as made by the court. The answer to question No. 2 is a matter of computation.

The ultimate findings of fact are that the land as a whole, prior to the appropriation, was of the value of $60 per acre; that after the appropriation of 7.16 acres for a right of way the remainder of the 160 acres was of the value of $45 per acre; in other words, the remaining 152.84 acres were damaged in value by the taking of the right of way to the amount of $15 per acre, which amounts to $2292.60. The jury found that the value of the 7.16 acres taken for the right of way was $429.60, at the time of the taking, which is exactly at the rate of $60 per acre, their finding of the value as to the entire tract. Now, if the value of the tract actually taken ($429.60) be added to the depreciation of the remaining 152.84 acres the sum is $2722.20, the amount awarded by the court; but this is the exact amount which the jury found in finding No. 2 as the damage to the 152.84 acres, outside the right of way, and is, apparently, in conflict with the answer to question No. 4, which, computed, would give damages to the same tract of $2292.60. So it becomes evident that the jury simply made a mistake in computation; that in answer to question No. 2 they inadvertently included the value of the land actually taken, $429.60, as shown in answer to question No. 1, with the damages to the remainder of the tract as shown in answer to question No. 2, instead of the damages found to the remainder of the tract in answer to question No. 4. The damages to the remainder of the tract per acre, as found in answer to question No. 4, were more specific, and should control. The court committed no error in correcting the evident mistake. The award is supported by the findings, and is not excessive, but is the lowest amount that could be given under the findings, and the plaintiff in error cannot complain.

It is further urged that the court erred in submitting the question of possible damages by fire to the buildings, when the evidence showed no buildings upon

the land. The evidence certainly did show some buildings upon the land, although the principal farm buildings were on another tract owned by the plaintiff and her husband. There is nothing to indicate that the jury included any damages for the possible danger to such other buildings; in fact, the court limited their inquiry especially to the quarter-section of land over which the right of way extended. While the award is for a large amount of damages, it seems to be justified by the evidence and by the findings of the jury, and we cannot say that it is excessive.

The judgment is affirmed.

All the Justices concurring.