CITY OF ARGENTINE v. ELIZABETH BENDER.

No. 14,103.   (80 Pac. 935.)

SYLLABUS BY THE COURT.

DAMAGES—*Excessive Amount in Verdict—Remittitur.*   In an action against a city for damages for permanent injuries resulting from a defective sidewalk a verdict was rendered for the plaintiff for $7500. The trial court found that the verdict was excessive by $5000 but that the excess was not due to passion or prejudice, permitted a *remittitur* of that amount, and rendered judgment for $2500. The jury were not advised either by the evidence or in the instructions of any basis by which they might estimate the probable duration of plaintiff's life. *Held*, that under these circumstances

the error of the jury may be attributed to a mistake of judgment, free from unfair intent, and the refusal of a new trial may be sustained.

Error from Wyandotte district court; J. McCabe Moore, judge. Opinion filed May 6, 1905. Affirmed.

*H. J. Smith,* and *A. L. Berger,* for plaintiff in error.

*T. A. Pollock,* for defendant in error.

The opinion of the court was delivered by

Mason, J.: Mrs. Elizabeth Bender sued the city of Argentine on account of injuries received from a fall caused by a defective sidewalk. Evidence was given that she was seventy years of age, and would never fully recover from the effects of her hurt, but would always be lame and would continue to suffer pain and inconvenience in moving about. The jury returned a general verdict for $7500, which was not itemized, no special findings being made. A motion was filed for a new trial upon the ground of excessive damages that appeared to have been given under the influence of passion and prejudice. Upon the hearing of this motion the court found that the verdict was excessive by the amount of $5000, but added that "the error of the jury in fixing the amount of damages does not permeate the entire verdict, but only affects the amount of the same." Thereupon the plaintiff was given an opportunity to remit $5000 from the verdict, which she did. The motion for a new trial was then denied, and a judgment was rendered for $2500, from which the defendant prosecutes error. The theory upon which a reversal is asked is that upon the whole record it appears that the excessive damages awarded by the jury were due to passion and prejudice, and that therefore the error in amount could not be cured by a *remittitur,* but required the granting of a new trial.

No other complaint of the rulings made below is here presented.

Prior decisions of this court have already established these principles: That the allowance of excessive damages, not occasioned by passion or prejudice, does not require a new trial, but may be remedied by the remission of the excess (*Mo. Pac. Rly. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352; *Broquet v. Tripp*, 36 id. 701, 14 Pac. 227; *U. P. Rly. Co. v. Mitchell*, 56 id. 324, 43 Pac. 244; *Railway Co. v. Frazier*, 66 id. 422, 71 Pac. 831) ; but that any excess due to unfairness of the jury is incapable of elimination by this means, and vitiates the entire verdict. (*A. T. & S. F. Rld. Co. v. Cone*, 37 Kan. 567, 15 Pac. 499; *Steinbuchel v. Wright*, 43 id. 307, 23 Pac. 560; *A. T. & S. F. Rld. Co. v. Dwelle*, 44 id. 394, 24 Pac. 500; *Bell v. Morse*, 48 id. 601, 29 Pac. 1086; *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 id. 1, 30 Pac. 108; *Drumm v. Cessnum*, 58 id. 331, 49 Pac. 78; *Railroad Co. v. Richards*, 58 id. 344, 49 Pac. 436; *Atchison v. Plunkett*, 61 id. 297, 59 Pac. 646.) The inquiry, therefore, is whether upon the entire record this court can say that the awarding of excessive damages was due to a failure on the part of the jury to give the case fair and impartial consideration.

The finding of the trial court, in words obviously borrowed from the opinions in *Broquet v. Tripp* and *Atchison v. Plunkett, supra,* that "the error did not permeate the entire verdict," can only be interpreted as an affirmative showing that in the opinion of the trial court the excessive damages given were not the result of passion or prejudice. This finding must control, unless it is overthrown by inferences to be derived from other parts of the record. These must be drawn, if at all, from the size of the original verdict in comparison with the amount which was allowed to stand. In most of the cases above cited in which new trials were granted on review in spite of remissions

permitted below there were circumstances that indicated that the district court itself was not satisfied with the result of the trial, even after the reduction of the amount awarded by the jury, and this consideration compelled a reversal. In two of them, however, *Steinbuchel v. Wright* and *Bell v. Morse,* this feature was absent, and a new trial was ordered in each mainly by reason of the disproportion between the amount assessed by the jury and that approved by the trial court, the reductions being, respectively, from $4000 to $500 and from $1000 to $400, although the decisions were expressed to be made in view also of the testimony or other proceedings which were not set out in full, and the precise nature of which was not clearly indicated.

This court must enter upon the consideration of this case with the assumption that the evidence could not sustain the recovery of a greater amount than $2500. This is conclusively settled for the present purpose by the action of the district court. The mere fact that the jury in estimating plaintiff's injury so far exceeded this limit must be regarded as having some tendency to show unfairness. If aided by anything in the evidence or elsewhere in the record tending in the same direction, or possibly if not offset by something of a contrary tendency, this fact alone might justify a conclusion that the jury were influenced by passion or prejudice, and require a reversal. On the other hand, the very great departure from a proper amount should be otherwise accounted for, if a reasonable basis for so doing can be found. A sufficient explanation of the course of the jury, without involving the supposition that they were actuated by unfair motives, may be found in the meagerness of the instruction given them as a guide to the amount of recovery. The only instruction given on the subject reads as follows:

"If the jury believe from the evidence that the plaintiff is entitled to recover against the defendant for

the injuries complained of in her petition she will be entitled to a verdict for an amount which shall be full compensatory damages for the physical pain and suffering which have resulted from the injuries so received, and such further damages as appear from the evidence to be the natural and probable result of such injuries, taking into consideration the character and extent of such injuries and the permanency and probable duration of the same as shown by the evidence, but in no event will the plaintiff be entitled to recover herein an amount exceeding the sum prayed for in her petition—$15,000."

The court might well have told the jury that in assessing the amount of damages for permanent injuries they could take into account the probable time the plaintiff would live, and have aided them to reach a satisfactory conclusion in that regard by advising them of the plaintiff's expectancy of life as shown by the standard mortality tables, which seem not to have been referred to in the evidence or in the instructions. It is fair to conclude that the excessive amount awarded by the jury may have been the result of an overestimate of the probable duration of plaintiff's life, due to a want of any definite basis for forming an opinion on the subject. That the omission noted might of itself have been a just ground of complaint on the part of the defendant is wholly aside from the purpose, since it has not attempted to assign error in that connection. In view of these considerations it will be held that upon the entire record it does not appear that the excessive verdict was due to passion or prejudice, and the judgment is affirmed.

CUNNINGHAM, GREENE, BURCH, CLARK A. SMITH, JJ., concurring.

JOHNSTON, C. J., WILLIAM R. SMITH, J., dissenting.