M. P. DAVIS, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

No. 16,252.

T. C. DAVIS, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

No. 16,253.

SYLLABUS BY THE COURT.

1. RAILROADS—*Right of Passengers to Ride Upon Freight Trains.* By the provisions of chapter 274 of the Laws of 1907 an absolute right is given to passengers, except certain minors, to ride upon specified freight trains by complying with the limitation of liability provided in such statute, upon request of the railway company.

2. —— *Contract Limiting Liability for Negligence.* In such a case the railway company can not require a passenger to give a release different from that designated by the statute nor refuse to accept a passenger for the sole reason that he declines to give such a release.

3. PRACTICE, SUPREME COURT—*Excessive Damages—Remittitur.* Where a verdict is excessive this court may offer the plaintiff the option of accepting a judgment for a designated sum or a new trial, which is done in this case.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed January 8, 1910. Modified.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellant.

*B. F. Carter,* for the appellees.

The opinion of the court was delivered by

GRAVES, J.: M. P. Davis and T. C. Davis, about the 31st of October, 1907, applied to the station agent at Benedict for a ticket to Fredonia. The train running between these places was a freight train which carried passengers, and was owned and operated by the Atchison, Topeka & Santa Fe Railway Company. The ticket

·agent refused to sell tickets unless the applicants would sign a contract which reads:

"THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

——— Station, ———, 190—

"In consideration of passenger being permitted to use ticket Form ——, No. —, for passage on freight train No. —, it is agreed that the company shall not be liable for any loss or damage to person or property while upon such train, or while going to or from the same.　　　　　　　　　　　　　　　　———————"

Chapter 274 of the Laws of 1907 requires railway companies to carry passengers upon freight trains, but permits them to limit their liability for damages therefor. Section 1 of the statute reads:

"That all freight trains to which a caboose is attached shall be obliged to transport, upon the same terms and conditions as passenger trains, all passengers who desire to travel thereon and who are above the age of fifteen years, or who, if under fifteen years, are accompanied by a parent or guardian or other competent person; and provided further, that no freight train shall be required to stop to receive or discharge any passenger at any point other than where regularly scheduled to stop; provided, that on such trains the railroad companies may limit their liability except as to willful negligence; and provided further, that it shall not be necessary to stop the caboose of such trains at the depot to receive and discharge passengers, and that this act shall not be construed to apply to freight trains on main lines, carrying live stock."

The release required of these applicants does not contain the words "willful negligence," but releases the railway company from "any loss or damage to person or property." The applicants refused to sign the release and the agent refused to sell them tickets without such release, although they tendered the full cash fare. They then got upon the train without tickets and offered the cash to the conductor, who refused to take it unless they signed a release such as the one required by the ticket agent. The conductor, upon their refusal to sign the release, forcibly removed them from

the train.  They commenced separate suits against the railway company in the district court of Wilson county to recover damages, in which M. P. Davis recovered judgment for $512.50 and T. C. Davis for $510.  The railway company has brought both of the cases to this court by appeal, and they have been submitted together.

The district court instructed the jury to find for the plaintiffs, and that the amount of the verdict was the only question which they need consider.  In this we think the court was right.  The law clearly gives passengers the right to be carried upon freight trains upon the condition that the railway company may limit its liability for damages, but a railway company can not require a passenger to give a release of liability beyond the scope of the statute.  The plaintiffs were ready and willing to pay the cash fare and were not requested to give any release such as the law prescribes.  It has been suggested that in legal effect there is no substantial difference in the release required and one which incorporates the language of the statute.  We do not think that this question is controlling, and it need not be considered.  The legislature probably thought the words "willful negligence" material and important or they would not have been used.  To the ordinary person there does seem to be a very great difference between a release which by its language broadly waives all damages and one which contains words of limitation.  If, however, there is no difference, a railway company should not object to a strict compliance with the statute.

While we think the railway company is liable to these plaintiffs, we do not concur in the amount of the verdict, but think it grossly excessive.  The plaintiffs suffered no injury, and very little inconvenience; the loss of time was not over two hours, the additional expense slight.  The chief element of damages considered by the jury was injury to the feelings.  This was needlessly brought upon the plaintiffs themselves by use-

less resistance to being put off the train. Passengers can not increase damages against a company by resisting the employees in the discharge of their duty. A quiet, peaceful exit from the train upon the order of the conductor will carry as heavy damages as a forcible ejection which requires the assistance of the whole train crew. The defendant can not avoid in any subsequent trial a recovery for some amount. It seems useless, therefore, to grant a new trial when the recovery must necessarily be small, and to avoid this unnecessary expense we have concluded to offer the plaintiffs the option of accepting an amount which we think ample or a new trial. If M. P. Davis will consent, a judgment may be entered in his favor for $200; otherwise a new trial will be granted. If T. C. Davis will consent, a judgment may be entered in his favor for $200; otherwise a new trial will be granted.

The case is remanded to the district court for further proceedings in accordance with the views herein expressed.