No. 19,959.

MYRTLE Y. SAAR, as Administratrix, etc., *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. DAMAGES—*Evidence Sufficient against Demurrer.* The evidence has been examined and found to be sufficient against a demurrer thereto, and sufficient to sustain the findings of the jury.

2. FEDERAL EMPLOYER'S LIABILITY ACT—*Death—Excessive Verdict—Option of Plaintiff.* In an action for damages under the federal employer's liability act, where a verdict rendered is excessive because the jury did not substantially diminish the damages on account of the negligence of the injured employee, this court will offer the plaintiff the option of accepting a judgment for a designated sum or a new trial.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed March 11, 1916. Modified.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for the death of her husband, John C. Saar. The defendant appeals.

This action comes under the provisions of the federal employer's liability act. (Part 1, 35 U. S. Stat. at Large, ch. 149, 4 U. S. Comp. Stat. 1913, §§ 8657-8665.) John C. Saar was a brakeman on the defendant's road and was killed at Independence by falling from or being thrown from the top of a freight car under the wheels of the train on which he was working. The jury made special findings of fact as follows:

"Was the deceased, John C. Saar, guilty of any negligence that contributed to his injury. Ans. To a limited extent.

"If you answer the above question in the affirmative, how much do you deduct from the amount you would otherwise give the plaintiff? A. $100.

"Was the engineer of the defendant guilty of any negligence in the manner in which he was handling the train at the time the deceased was killed? Ans. Yes.

"Did the engineer, Paddy Ryan, use ordinary care and diligence in the manner in which he handled the train at the time of the injury to the deceased, John C. Saar? Ans. No.

"Is it not a fact that the ground and the tracks and the cars, at the time and place of the accident, were covered with ice, and very slick? Ans. Yes.

"Was engineer Ryan a careful, prudent and experienced engineer? Ans. Was experienced, but not duly careful and prudent at this time.

"How fast was the train moving at the time brakeman Saar fell? Ans. Slowly.

"If you find for the plaintiff in this action, in what respect do you find that the defendant, its officers, its agents and employes, were negligent? Ans. The engineer failed to use due care in handling his train.

"If you find for the plaintiff in this action, what act or omission on the part of the defendant caused the injury? Ans. Violent jerking of the train.

"Did the deceased, John C. Saar, know of the slick, icy condition of the ground, track and cars at the time and place of the accident? Ans. Yes.

"What precaution did the deceased, John C. Saar, take to safeguard himself against the accident? Ans. By holding onto the brake with both hands."

1. The defendant's first complaint is that there was no evidence that the alleged jerking of the train was of such a violent or unusual character as to indicate negligence on the part of the engineer, and therefore the demurrer to the evidence should have been sustained; and that the jury's findings of the defendant's negligence are contrary to and unsupported by the evidence.

The evidence to support the findings was, that the tops of the cars and the ground were covered with ice and sleet; that at the time of the accident, about 6:30 p. m., sleet was falling; that the train men were picking up three or four cars in the yards; that after making a coupling, the deceased went on top and was walking over the cars; that the tops were slick and he walked "with a little caution"; that the train by that time was moving; that it jerked two or three times as he walked; that the switching was "pretty rough"; that as he stepped from the second car to the third he grasped the brakewheel on one of the cars and stepped upon the brakewheel platform; that the cars jerked again and he fell between them; that the brakewheel was about two feet above the top of the car and was connected with the brake by an iron rod which extended through a plat-

form at the end of the car about two feet below the top; and that the deceased was standing on this platform holding to the wheel when he fell. From this evidence men might reasonably come to different conclusions concerning the negligence of the defendant in jerking the train. That made the question one for the jury, and it would have been error for the court to have sustained a demurrer to the evidence of the plaintiff. It necessarily follows that there was evidence sufficient to sustain the findings of the jury.

2. The defendant also contends that the findings of the jury as to the contributory negligence of the deceased are inconsistent with the general verdict because the verdict was reduced by only $100 on account of the negligence of the deceased, while the verdict returned in favor of the plaintiff, after making that reduction, was for $9000. Section 3 of the federal employer's liability act provides that—

"The fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

If the deceased was guilty of contributory negligence, his negligence must have been more than a one-ninety-first part of all the negligence that caused his injury. That amount would have been so small as to render it not worthy of notice. Either the deceased was not negligent, or, if he was negligent, his negligence contributed substantially to his injury. There is nothing to indicate passion or prejudice on the part of the jury. Under these circumstances, a new trial must be ordered, or the judgment must be reduced.

"In many of the states appellate courts have adopted the practice, where the damages are excessive but the plaintiff is entitled to something substantial, of indicating the excess, and of giving or directing the trial court to give the plaintiff the option to remit the excess and allow him to take judgment for the residue. Such action on the part of the appellate court is no invasion of the province of the jury, or of the rights of the defendant." (*Mo. Pac. Rly. Co. v. Dwyer,* 36 Kan. 58, 74, 12 Pac. 352.)

(See, also, *U. P. Rly. Co. v. Mitchell,* 56 Kan. 324, 331, 43 Pac. 244; *Railway Co. v. Brandon,* 77 Kan. 612, 95 Pac. 573; *Telegraph Co. v. Bodkin,* 79 Kan. 792, 797, 101 Pac. 652;

*Davis v. Railway Co.,* 81 Kan. 505, 508, 106 Pac. 288; *Yard v. Gibbons,* 95 Kan. 802, 814, 149 Pac. 422.)

Other cases are *W. & C. Rly. Co. v. Gibbs,* 47 Kan. 274, 27 Pac. 991; *Frankhouser v. Cannon,* 50 Kan. 621, 32 Pac. 379; *Dennis v. Benfer,* 54 Kan. 527, 38 Pac. 806; *Railway Co. v. Meyer,* 58 Kan. 305, 49 Pac. 89; *Railway Co. v. Turley,* 71 Kan. 256, 80 Pac. 605; *Argentine v. Bender,* 71 Kan. 422, 80 Pac. 935; *Francis v. Brock,* 80 Kan. 100, 102 Pac. 472.

If the plaintiff will consent, a judgment will be entered in her favor for six thousand dollars, with interest from the date of the original judgment; otherwise a new trial will be ordered.

MARSHALL, J. (dissenting) : The determination of the amount by which damages shall be diminished by the jury on account of the negligence of an injured employee under the federal employer's liability act, is by that act placed within the province of the jury. The act fixes no rule by which to determine the amount that shall be allowed on account of the contributory negligence of an employee engaged in interstate commerce, except that the damages shall be diminished in proportion to the amount of negligence attributable to such employee. It is the duty of the court to instruct the jury concerning this matter. It then becomes the duty of the jury to determine what shall be deducted because of the contributory negligence of the employee. This must be arrived at under the evidence in each case by the jury, and its conclusion is binding unless the result shows the influence of passion or prejudice or is not supported by any evidence. The judgment should be reversed and a new trial ordered, or it should be affirmed. (*Railroad Co. v. Richards,* 58 Kan. 344, 49 Pac. 436; *Atchison v. Plunkett,* 61 Kan. 297, 59 Pac. 646.)