No. 31,386

R. W. Wester, *Appellee*, v. (A. W. Nelson) and Mrs. A. W. Nelson, *Appellant*.

(29 P. 2d 1087.)

Opinion filed March 10, 1934.

*Vermilion Harris* and *M. P. Shearer,* both of Wichita, for the appellant.

*Paul J. Wall, Carl I. Winsor, John E. Boyer,* all of Wichita, *Henry Stubenrauch* and *Harvey E. Hartz,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an appeal from the ruling of the trial court in denying the defendant's motion for a new trial in an action for damages occasioned by an automobile collision, particularly because the verdict was given by the jury under the influence of passion and prejudice and that the amount of the verdict was excessive. Appellant also alleges errors in overruling her demurrer to the evidence of the plaintiff, the admission of incompetent evidence and the giving of prejudicial, complicated and contradictory instructions.

The plaintiff in his petition asked for $36,000 damages for a broken leg, an injured back, intense pain and suffering, loss of business, as well as the expense for hospital and medical attention, and for the almost total value of his car. The jury awarded him $22,400 against the defendant Mrs. A. W. Nelson, the driver of the defendants' car when the collision occurred, and answered four questions submitted to it in a way that was not inconsistent with its general verdict. The demurrer of Mr. A. W. Nelson, the husband of the appellant and the owner of the car, had been sustained as to him at the close of the testimony of the plaintiff.

The record shows that plaintiff was sixty-seven years of age and was engaged in the live-stock business in Kansas City, Mo., soliciting live-stock business throughout the states of Kansas, Oklahoma, Colorado, Texas and New Mexico; that he was a member of the firm of Wester Brothers and Smith in such business, and since the injury he is not able to do his work as he did formerly; that he is able to look after things in the office but not able to get around the cattle and hog pens or among the herds of cattle as he did before the injury.

The plaintiff in his proof furnished no evidence whatever as to the amount of his income before and after the injury, nor any figures upon which his loss in business could be computed or estimated, so this usual and ordinary element of recovery is out of the case. His proof showed hospital and medical expense amounting to a little more than $1,200 and the loss on his automobile to about $475, or a total of a little more than $1,700. Besides this he showed pain and suffering which the court instructed the jury could be estimated by the jury and included in its verdict. Originally there was a claim for punitive damages, but later that was withdrawn and not submitted to the jury. The special findings did not include any answers as to amounts allowed for pain and suffering or for any other element entitled to be included in the verdict. So with the omission of proof for the element of loss of income or earning power, pain and suffering were the only elements for the determination of the jury as to the damages the plaintiff sustained beyond the definite figures for a little more than $1,700 of expense, if the jury chose to allow all of the items contained in that list.

This of necessity makes the finding of the jury for pain and suffering more than $20,000, an amount very unusual in such cases. The trial court in ruling on the motion of defendant for a new trial required a remittitur of $17,000, or a reduction of the verdict from $22,400 to $5,400, or a new trial would be granted. The plaintiff filed a remittitur for $17,000 and judgment was rendered for $5,400.

The trial court neither found that the verdict was excessive nor that it was given under the influence of passion or prejudice. The court must have thought the verdict was excessive or no reduction would have been ordered. Appellee insists, correctly, that a verdict may be excessive and not be given under the influence of passion or prejudice, citing many decisions of this court to that effect, and he further insists that the jury may have miscalculated the amount,

and the excessive amount of damages did not permeate the entire verdict, citing the case of *Emerick v. Motor Car Co.*, 104 Kan. 136, 178 Pac. 399, and other cases. Of course the trial court saw and heard the witnesses and was therefore better able to determine the existence or nonexistence of passion or prejudice than a reviewing court, as has always been recognized and held, but the wide divergence of opinion and judgment between that of the jury and the trial court is hard to reconcile with sound, fair, sober-minded estimates on both sides, and a verdict can never stand without the concurrence and approval of the trial court. Here the amount approved by the trial court is less than one-fourth of that returned by the jury. Or, if we eliminate the part of the damages for which we have figures, on the theory that both the court and jury accepted the figures given by the plaintiff at the full amount stated, it leaves the part not based on figures given by the jury more than five times that approved by the trial court. What would we think of the soundness and reasonableness of the judgment of one appraiser appointed to give the reasonable present value of a piece of property who reported an appraisement of four or five times the amount estimated by the other appraisers? The approval of the trial court in the case at bar is necessary and controlling, which makes the larger estimate necessarily excessive. Such a wide divergence makes the result thus reached by the jury not only excessive, but, in the language of this court in the case of *Leinbach v. Pickwick Greyhound Lines*, 135 Kan. 40, 10 P. 2d 33, "manifestly given under such passion and prejudice that such verdict cannot be cured by a remittitur," (syl. ¶ 13) and it "so obviously indicates passion and prejudice as to shake the confidence of a reviewing court in the jury's sincerity in dealing with the other questions requiring their determination." (p. 57.)

Appellee insists that an excessive verdict alone is not sufficient to justify a reviewing court in concluding it was given under the influence of passion and prejudice, especially when the trial court directed a remittitur, which would indicate the trial court regarded the excess was simply an improper computation of the damages "in view of all the facts and circumstances of the case, including the financial situation of the parties," citing the case of *Davidson v. Douglas*, 129 Kan. 766, 284 Pac. 427. That was an action for damages for the alienation of affection, and hence the appropriateness of the last few words above quoted. A matter which concerns the

financial situation of two or more parties is conspicuously capable of wide diversity of opinion which is usually based upon seriously conflicting testimony, and is very different from the extent of pain and suffering which has been described by the injured party and the physicians who attended him during his illness.

Among the many cases cited by appellee in support of his contention that the verdict was not given under the influence of passion or prejudice is *Argentine v. Bender*, 71 Kan. 422, 80 Pac. 935, but in that case the trial court, in connection with the finding that the verdict was excessive, distinctly found that "the error did not permeate the entire verdict," which the reviewing court found was equivalent to a finding that "the excessive damages given were not the result of passion or prejudice." There is no such finding in this case.

Many other cases are cited by appellee in her support of the verdict, but they do not lessen the conviction from all the facts and circumstances that the verdict rendered was manifestly and obviously given under the influence of passion and prejudice, as is well explained in the Leinbach case, *supra,* in which are listed the Kansas cases pro and con on this subject, which renders it unnecessary to restate them here in this very similar case. The following was said concerning excessive damages in an early slander case:

"In an action for slander the jury returned a verdict for the plaintiff for $4,000. The trial court decided that all the damages above $500 were excessive; but as the plaintiff remitted $3,500, the court entered judgment for the balance. *Held,* That the damages were so excessive as to show that the verdict was given under the influence of passion or prejudice, and therefore that the amount thereof should be submitted to the judgment of another jury." (*Steinbuchel v. Wright,* 43 Kan. 307, syl., 23 Pac. 560.)

In this case there is more in the facts and circumstances for consideration than the excessive amount of the verdict. The allegations of the petition are that plaintiff had been earning $10,000 a year, and during the trial many attempts were made by plaintiff's counsel to get facts and figures from the plaintiff to show his earnings before and after the injury. No evidence, however, was procured along this line, and, as suggested by appellant, it is not at all improbable, although the court did not submit that feature of the case to the jury, that the jury may have estimated and considered the loss of earnings at any rate. We are not concluding that the jury did so, but it undoubtedly had something else in mind than was

furnished in the evidence or justified under the instructions, which manifestly and obviously indicate passion and prejudice. For this reason we conclude the trial court should have granted a new trial.

The other errors need not be here considered.

The judgment is reversed, and the cause is remanded with instructions to set aside the judgment heretofore rendered and grant a new trial.