No. 33,522

Jessie Taylor, *Appellee,* v. The F. W. Woolworth Company, *Appellant.*

(73 P. 2d 1102)

842

Opinion filed December 11, 1937.

*Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for the appellant.

*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action to recover damages in the sum of $3,000 for personal injuries alleged to have been sustained by the plaintiff in falling on the floor of the store of the defendant near the front doors thereof, which fall was occasioned by the carelessness and negligence of the defendant and its agents and employees in suffering and permitting the floor near the doors where she fell to become in a dangerous condition by reason of permitting snow, ice and water to accumulate on the floor, making it slippery and unsafe, and which the defendant failed and neglected to remove; and from this fall she claimed to have suffered great physical pain and nervousness and to be unable to perform work and labor as usual, and to have lost income and to have been at expense for medical services and attention.

The jury returned a verdict in favor of the plaintiff for $2,000, and answered several special questions, mostly concerning the matter of negligence on the part of the defendant. The answers were not inconsistent with the general verdict, and judgment was rendered in favor of the plaintiff and against the defendant for $2,000 and costs. The defendant within the required time filed a motion for a new trial and to vacate the special findings, basing the motion upon the usual grounds set out in the statute. The trial court, after hearing the argument of counsel on the motion, discussed at length the evidence introduced on the trial of the cause, including the evidence of the doctors *pro* and *con* upon the extent of the injury sustained by the plaintiff, and concluded such comment as follows:

"I don't believe she had as serious an injury as she thought she had, or claimed to have. She did have some injury. I think that is one reason why the verdict was two thousand dollars—I was surprised it was that much; but that was the blind husband who sat here all the time, was in evidence all the time, and I think the jury took that into consideration to some extent, too. I think the verdict is about a thousand dollars too much. That is what I think about it. And I will hold that. If you want to remit a thousand, all right, and if not I will grant a new trial."

The plaintiff within ten days filed her remittitur, consenting that

the verdict and judgment be reduced by $1,000, and the judgment was so reduced and rendered in the sum of $1,000 and costs, instead of $2,000 and costs, from which judgment and order of the court and the order of the court overruling defendant's motion for new trial and to set aside special findings, the defendant appeals.

The first ground urged by the appellant is the alleged error of the trial court in overruling defendant's motion for new trial because the verdict was excessive and given by the jury under the influence of passion and prejudice. In this connection the appellant relies particularly upon the remarks of the trial court in considering the motion for a new trial, and especially the reference therein to the husband of the plaintiff being blind, which fact the trial court said it thought the jury took into consideration to some extent. There can be no question that the consideration of the husband of plaintiff being blind was improper in determining the amount of the verdict, and the serious question is whether or not a remittitur of a portion of the verdict rendered, whether that proportion be large or small, would be a complete cure and remedy for such improper consideration. Attorney for plaintiff calls it only sympathy for the plaintiff, but if it entered into the determination of the amount of the verdict it would approach or border on a feeling of prejudice in favor of the plaintiff.

The appellant also urges in connection with this sympathetic feature the answer to question No. 5 which, in one particular, goes further than any of the others in the case. That question and answer are as follows:

"5. If you find the defendant was guilty of any negligence, then state specifically what defendant's negligence was. A. Failure to keep floor in safe condition, by letting snow, ice and water to accumulate."

There is absolutely no evidence shown in the record as to ice being on the floor. The answer follows the language of the petition in that regard, which probably was copied or set forth in substance in the instructions. In other words, the plaintiff alleged the accumulation of snow, ice and water on the floor inside of the doors as negligence of the defendant, but failed to show anything about ice being on the floor. There was evidence showing snow and water had accumulated there. The making of an incorrect answer like this is not necessarily a ground for granting a new trial, but it can be considered in this connection as tending to show a possible inclination or leaning on the part of the jury by accepting the allegations of the plaintiff

as to one accumulation on the floor which the evidence failed to establish.

Many of the cases cited in the briefs refer to excessive verdicts, in which decisions certain rules are announced as to the reduction thereof by trial and reviewing courts. The same rules are not necessarily applicable to cases where the verdict may have been reached by the jury under the influence of prejudice. If so, the entire verdict should fall, rather than a part of it, which would be all that was necessary if it were merely excessive. Suppose, for instance, a brother of the plaintiff had been left on the jury without the knowledge of the defendant of such relationship. It would be only natural and reasonable to think of him as prejudiced and to be influenced by that relationship in arriving at the amount of the verdict for his relative.

Bouvier's Law Dictionary (3d rev.) defines prejudice as follows:

"A leaning toward one side of a cause for some reason other than its justice."

In *Argentine v. Bender*, 71 Kan. 422, 80 Pac. 935, a verdict of $7,500 was reduced by the trial court to $2,500, and a new trial was denied after a remittitur, and it was held in this court on appeal—

"That the allowance of excessive damages, not occasioned by passion or prejudice, does not require a new trial, but may be remedied by the remission of the excess." (p. 424.)

In *Emerick v. Motor Car Co.*, 104 Kan. 136, 178 Pac. 399, the trial court reduced a verdict of $26,000 to $15,000 and denied a new trial, and upon review in this court it was said:

"The numerical weight of the positive testimony was largely in favor of the defendants as to the manner in which the accident happened. This is the only circumstance apparent from the printed record, aside from the amount of the judgment and the very large amount of the reduction, which may be said to make the question somewhat close. Here, again, we are confronted with the fact that the trial court saw and heard the witnesses and must have been convinced that the error of the jury in fixing an excessive amount of damages did not permeate the entire verdict. We conclude that it is our duty to affirm the judgment, and it is so ordered." (p. 140.)

On the strength of this opinion, the question in the case at bar can pertinently be asked, Did the trial court imply in connection with the jury having taken into consideration in reaching its verdict the fact that the husband of the plaintiff was blind, that such fact "did not permeate the entire verdict"?

In the case of *Leinbach v. Pickwick-Greyhound Lines*, 138 Kan. 50, 23 P. 2d 449, which was the last of the two cases of the same

name, the verdict was reduced from $27,000 to $20,000, and it was said in the opinion:

"There is no indication the verdict was the result of passion or prejudice." (p. 69.)

Many other cases are cited where the verdicts were held to be excessive only, and they were reduced on the theory that the mere fact that the damages allowed were excessive was not a ground for a new trial. But if there is something more than the amount being excessive and there is something recognized by the trial court as influencing the jury, the rule is different. It was held in *Wester v. Nelson,* 139 Kan. 47, 29 P. 2d 1087:

"Where the trial court on the hearing of the motion for a new trial in a damage action requires of the successful party in the alternative, that the verdict be greatly reduced or a new trial be granted, and there are in the record facts and circumstances to convince the reviewing court that the so very excessive verdict was manifestly and obviously given by the jury under the influence of passion and prejudice, the greatly reduced verdict and judgment should not stand, but a new trial should be granted." (Syl.)

The petition in the above case sought recovery for loss of business as well as for pain and suffering. The record showed the plaintiff had returned to his work, but was doing lighter work than he before had done. No evidence whatever was furnished as to the difference in his income before and after the injury, although an attempt was made along that line, and the part of the verdict that could be considered for pain and suffering was more than $20,000 and reduced to about $5,000, but it was held to justify the granting of a new trial.

In *A. T. & S. F. Rld. Co. v. Dwelle,* 44 Kan. 394, 24 Pac. 500, the trial court reduced the verdict to one half of that rendered by the jury, and on appeal this court not only agreed that the verdict was excessive, but that the record, including the answers to questions, showed the jury was influenced by passion and prejudice, and therefore the entire verdict was held to be affected. Along the same line see *A. T. & S. F. Rld. Co. v. Cone,* 37 Kan. 567, 15 Pac. 499, and *Leinbach v. Pickwick-Greyhound Lines,* 135 Kan. 40, 10 P. 2d 33.

Of course the evidence or knowledge reaching the jury that the husband of the plaintiff was blind, which fact it might very properly learn by his being a witness in the case, as he was here, is not in itself a reason for holding that the jury would be influenced or prejudiced thereby, but here we have the judgment of the trial court, who heard all the evidence and saw all the witnesses, accounting for the excessive verdict, in part at least, by the belief on his part that

the jury took that into consideration to some extent. We cannot say that this influence, leaning or prejudice on that account was limited to one half the amount of the verdict and that it did not permeate the entire verdict. For this reason we conclude that justice requires that a new trial be granted.

Appellant insists that the court erred in overruling its demurrer to the evidence of the plaintiff, in refusing its request for a directed verdict, and in admitting certain evidence over its objection. We do not find it necessary to discuss these matters since reaching the conclusion to grant a new trial, other than to say that none of such errors specified were under all the circumstances reversible errors, if errors at all.

The judgment is reversed and the cause is remanded with directions to grant a new trial.