**HERRING v. LUCKENBACH S. S. CO., Inc.**
**No. 288.**

Circuit Court of Appeals, Second Circuit.

Aug. 2, 1943.

C. B. Manley O'Kelley, of New York City (Burlingham, Veeder, Clark & Hupper and J. J. Conran, all of New York City, on the brief), for defendant-appellant.

Archibald F. McGrath, of New York City (Paul C. Matthews, of New York City, on the brief), for plaintiff-appellee.

Before SWAN, CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Charles H. Herring, a seaman, recovered a verdict in the district court against his employer, Luckenbach Steamship Company, in the amount of $7,500 on a claim for negligence under the Jones Act, 46 U.S.C.A. § 688, and in the amount of $2,087.50 on a claim for maintenance and cure under general maritime law. The court thereafter granted defendant's motion to set aside the verdict unless plaintiff consented to a reduction of the verdict on the first claim to $4,000, and on the second claim to $1,000. Upon plaintiff's acquiescence in the remittitur, the court ordered the verdict so reduced and entered judgment accordingly. Defendant appeals only from the judgment upon the first claim, challenging the sufficiency of the evidence to sustain the verdict.

Plaintiff, a quartermaster of defendant's steamship "Paul Luckenbach," was the sole witness of the accident upon which this claim was based. He testified that he undertook to complete the rigging of a gangway on the ship, as was his duty, after another quartermaster had put the gangplank in position at an inclined angle from deck to dock, had installed the stanchions holding the chain handrails in their sockets on the plank, and had partially lashed the canvas sidings to the hand chains to protect passengers from falling off. He then finished this lashing and next undertook to lash the bottom of the canvas to the gangplank. While so engaged about midway the plank, he knelt down, put the canvas over his shoulders, and, holding with one hand to the chain rail, reached down and out with the other for the end of the rope with which he was threading the canvas and lashing it to eyelets in the gangplank. It was then, as he said, that the chain rail suddenly slackened six or eight inches, causing him to lose his grasp, fall to the dock, and thereby sustain the injuries for which he sues. The chain rail was quite loose at all times, and just before falling he saw a bent stanchion turn in its socket. He attributes the sudden slackening of the chain to the combination of these two factors, both of which he claims were occasioned by his employer's negligence.

■ Defendant denies that it was negligent and, in its answer to the complaint, asserted as a partial defense that plaintiff

was contributorily negligent. It does seem obvious that plaintiff attempted an unnecessarily difficult, perhaps even hazardous, maneuver to secure the lashing rope. Why he did not simply reach down at the point where the canvas was last laced and pull the rope up without putting the canvas over his shoulders or swinging out on the chain is not to be understood. But in any event, contributory negligence, as the district court properly instructed the jury, is no bar to a suit in admiralty for negligence, but ground solely for mitigation of damages. See Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 429, 59 S.Ct. 262, 83 L.Ed. 265, and cases there cited. The appeal, therefore, turns on whether the evidence was sufficient to find defendant negligent.

■ Defendant showed that the chain was provided with a turnbuckle for tightening, that it was plaintiff's duty to tighten the chain when necessary, and that the stanchions were in square, not round, sockets and, therefore, could not turn. On the other hand, plaintiff testified that he remembered no turnbuckle, that in any event, as described by defendant, it was not large enough to take up most of the slack, and that the stanchions fitted but loosely in the sockets, even if square, which he likewise could not remember, and, when bent and subject to a particular strain, might well have turned slightly. Even though we view plaintiff's story as somewhat incredible, we cannot say that there was not in all this conflicting testimony sufficient evidence to take his case to the jury, and we must abide by its verdict. Cf. Stewart v. Baltimore & Ohio R. Co., 2 Cir., 137 F.2d 527, July 19, 1943.

The recovery allowed was quite generous even after the remittitur in the light of the evidence as to the injury and time lost from work. Yet we cannot say that the district court's judgment, entered after a special hearing and a reduction of the verdict by nearly one-half, was so grossly excessive as to compel reversal. Cf. Campbell v. American Foreign S. S. Corp., 2 Cir., 116 F.2d 926, certiorari denied 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530; McCoy v. Cate, 1 Cir., 117 F.2d 194. Nor, since an excess is not clearly ascertainable from the record, are we disposed to affirm upon condition of a further remittitur. Defendant has not contended for such a reduction here, and it seems inadmissible under the circumstances.

■ While numerous state appellate courts have exercised wide powers to order remittiturs, see Comment, 44 Yale L.J. 318 and cases cited therein in notes 3 and 4, in the federal practice such power is limited to the trial courts, Northern Pac. R. Co. v. Herbert, 116 U.S. 642, 6 S.Ct. 590, 29 L.Ed. 755; Arkansas Valley Land & Cattle Co. v. Mann, 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854; 46 C.J. 429; cf. Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150; and appellate courts act in general only where an improper excess is clearly ascertainable from the record. Cf. Smith v. Socony-Vacuum Oil Co., 2 Cir., 96 F.2d 98, 102, affirmed 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265; and Van Boskerck v. Torbert, 2 Cir., 184 F. 419, Ann.Cas. 1916E, 171, with Becker Bros. v. United States, 2 Cir., 7 F.2d 3; cf. 21 Va.L.Rev. 666.[1] It is true that where no allowance has been made for contributory negligence, under federal statutes, appellate remittitur has been had. Pennsylvania Co. v. Sheeley, 6 Cir., 221 F. 901; Union Pac. R. Co. v. Hadley, 246 U.S. 330, 38 S.Ct. 318, 62 L.Ed. 751 (affirming remittitur by Supreme Court of State of Nebraska); cf. Saar v. Atchison, T. & S. F. Ry. Co., 97 Kan. 441, 155 P. 954, with Jackson v. Rutledge, 188 Ind. 415, 122 N.E. 579. Here, however, the jury had been properly charged to make this reduction; and when the court made its order, it undoubtedly took this factor into consideration along with the other indefinite factors—pain and suffering, future medical expense, and lost wages. Under the circumstances further modification of the award by us is not justified.

Affirmed.

---

[1] See also Bank of Commonwealth v. Ashley, 2 Pet. 327, 27 U.S. 327, 7 L.Ed. 440; Phillips & Colby Constr. Co. v. Seymour, 91 U.S. 646, 23 L.Ed. 341; Kennon v. Gilmer, 131 U.S. 22, 9 S.Ct. 696, 33 L.Ed. 110; Washington & C. R. Co. v. Harmon, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284; Hansen v. Boyd, 161 U.S. 397, 16 S.Ct. 571, 40 L.Ed. 746; Carlin, Remittiturs and Additurs, 49 W. Va.L.Q. 1.