THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. LOUIS FRAZIER.

No. **13,010.**  (71 Pac. 831.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT — *Judgment on Pleadings.* New matter, fatal to plaintiff's recovery, was pleaded in an answer. No reply was filed. After trial was begun, a motion was filed by the defendant for judgment on the pleadings, but, no specific reason being given, the motion was overruled and the trial pro-

ceeded in all respects as though the new matter had been denied. *Held*, that no available error was committed by the court.

2. ———— *New Trial—Excessive Damages.*  A verdict for damages must not only be excessive, but appear to have been given under the influence of passion or prejudice, in order to be a sufficient ground for a new trial.

Error from Cloud district court ; HUGH ALEXANDER, judge.   Opinion filed March 7, 1903.   Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*G. M. Culver,* and *F. W. Sturges,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :  The defendant in error, being in haste to board the train of plaintiff in error, standing at the depot at Clyde, left his ticket, which he had purchased to Pueblo, lying at the ticket window. This was about eleven o'clock P. M., August 28, 1900. After the train started, he informed the conductor of the fact, and suggested that he be permitted to ride to Belleville, where, if nothing was heard from the agent at Clyde relative to the ticket, he would pay his fare from Clyde to Belleville and discontinue his journey.   This the conductor declined to do, and a short distance out of Clyde stopped the train and required the defendant in error to get off.   The defendant in error claims that the train did not come to a standstill, but that it simply slowed down, and he was ordered by the conductor to jump off ; that upon his hesitating to do so the conductor shoved him off, and he was struck in the side by the moving train and otherwise injured on the head and shoulders.   By these injuries he was in bed and detained from his

Railway Co. v. Frazier.

work for three or four months. The company claims
that the train was stopped and that the defendant in
error was permitted to alight without injury. On the
trial below the jury took the theory of the defendant
in error, and rendered judgment in his favor for $1775,
the items being $1625 for injuries suffered and $150
for his loss of time. Upon a motion for a new trial,
the court required an abatement of this verdict in the
sum of $575. This being done, the motion for a new
trial was overruled and judgment entered against the
plaintiff in error for the sum of $1200.

The first claimed error arises upon the action of the
court in overruling the motion of the railway com-
pany for judgment on the pleadings. The answer
contained a general denial and also pleaded contribu-
tory negligence on the part of the defendant in error.
No reply was filed. The court's attention was not
called to the condition of the pleadings at any time
prior to the presentation of the motion for a new trial.
A motion for judgment on the pleadings was filed
after the commencement of the trial, but no specific
mention was made as to the grounds of the motion.
At the time both parties were in court with their wit-
nesses and prepared for trial and the jury fully im-
paneled. The case was tried as though the reply,
denying the allegations of contributory negligence,
had been filed. The fact that the court's atten-
tion was not specifically called to the absence of a
reply, and the further fact that the parties tried the
case as though a reply had been filed, renders the
court's error in overruling the motion, if error it was,
unavailable. (*Hopkins v. Cothran*, 17 Kan. 173.)

It appears that on the cross-examination of the de-
fendant in error he was asked about meeting the con-
ductor the day before the trial, and testified that he

did not then recognize him as being the man who was on the train ; that it was dark in the train at the time of the occurrence ; that he did not know the conductor, but that some fellow told him that he was the conductor on that train.   It is now contended that, if the defendant in error did not know the conductor, he could not know that the treatment of which he complained was inflicted by the conductor.   We find no merit in this contention.   From the evidence of all the company's witnesses, it clearly appears that whatever took place on the night of the occurrence was between the conductor and defendant in error.   There is no chance for any mistake upon this point.

The last contention of error, and probably the only one of any considerable merit, is that arising upon the overruling of the motion for a new trial, and is based upon the claim that the jury was influenced by passion and prejudice in rendering the verdict.   In support of this claim we are cited specially to finding No. 20, where the jury found that the plaintiff below did not request the conductor to stop the train and let him get off at the place where the injury occurred, and No. 28, where the jury said that they did not believe that the conductor was so requested by the plaintiff below.   It is claimed that these answers were contrary to the evidence ; that the testimony of the plaintiff below himself clearly shows that he did request the conductor to stop the train.   It appears that the plaintiff, when he first got upon the train and discovered he had left his ticket, did request the conductor to stop and let him go back for it.   In narrating the second occurrence, evidently not understanding the English language and methods of expression very well, he became somewhat confused as to the two occurrences, but upon the entire evidence

we are clearly of the opinion that the jury answered correctly the questions relative to what occurred at the time defendant in error was put off the train; at least, in accordance with his contention.

It is again claimed that the fact that the trial court required a remission of the verdict is proof that the jury in rendering it was influenced by passion and prejudice. One of the grounds for a new trial mentioned in the statute is : "Excessive damages, appearing to have been given under the influence of passion or prejudice." It is not sufficient that the damages be excessive. It must appear from the entire case that the reason for such excessive damages is found in the passion or prejudice of the jury. We do not think it so appears in this case. Taking the plaintiff's theory, as the jury did from all the evidence before it, a much larger amount of damages might have been properly rendered, had they been claimed in the petition, but plaintiff asked for only actual damages and not punitive or exemplary. The amount awarded, as before noted, was simply compensatory, and as the jury found in their special findings that the plaintiff had sustained no permanent or lasting injuries, the judge, in passing upon the motion for a new trial, gave as his reason why a reduction of the amount of the verdict would be required that he did not believe the supreme court would uphold a verdict for so large an amount as merely compensatory damages for the physical injuries received, no permanent disability being found. The judge further expressed his belief that the jury were fair and unprejudiced. The amount which he required to be remitted from the verdict was simply to make the judgment respond to his idea of what would be a fair compensation to the plaintiff for his loss of time and physical injuries.

There is nothing in all of this to induce the belief that the jury acted from any feeling of passion or prejudice. This court has announced in many cases that if a verdict has been rendered under the influence of passion or prejudice it must be set aside, not because it is excessive, but because of the passion or prejudice lying back of it and influencing the jury in the entire matter. This court also is abundantly on record as holding that the mere fact of the excessiveness of the verdict, unaccompanied by the influence of passion or prejudice, is not sufficient to warrant the granting of a new trial. (*M. K. & T. Rld. Co. v. Weaver*, 16 Kan. 456; *U. P. Rly. Co. v. Mitchell*, 56 id. 324, 43 Pac. 244.)

Finding no error in the record, we direct affirmance of the judgment below.

All the Justices concurring.