ROBERT SANDS v. BART. SANDERS.
**No. 13,660.**   ( 77 Pac. 1134.)

Error from Marion district court; O. L. MOORE, judge. Opinion filed June 11, 1904.   Affirmed.

*J. T. Dickerson*, and *Keller & Dean*, for plaintiff in error.

*W. H. Carpenter*, for defendant in error.

*Per Curiam:* Bart. Sanders sued Robert Sands for slander and recovered a judgment for $400, from which the defendant prosecutes error.

The defamatory words complained of charged Sanders with stealing apples from Sands. It appears that Sanders, as a tenant of Sands, made a division of an apple crop between them, and that Sands complained that the division had been unfairly made, the tenant keeping the good apples for himself and giving only the culls to his landlord. Plaintiff in error, Sands, contends that his charge of stealing was made with the sole reference to this transaction, and was so understood by his hearers, and that, as the wrongful act complained of was not technically stealing, and as no larceny was possible under the circumstances stated, his language was not actionable *per se.* He also contends that there should have been no recovery in the absence of proof of special damages. No question of law is presented with regard to this contention for the reason that the subject was covered by the instructions, and the jury manifestly found that the charge made was not intended, or was not understood, to refer simply to misconduct in the division of the apples, a finding which was not without support in the evidence.

The jury returned a verdict for $500 as general damages, no punitive damages being allowed. The trial court required a remittitur of $100, in which the plaintiff acquiesced. Plaintiff in error argues that the reduction must have been occasioned by the belief that the jury were influenced by passion and prejudice. We do not think this inference justified by the record. (*Railway Co. v. Frazier*, 66 Kan. 422, 71 Pac. 831, and cases cited.)

The judgment is affirmed.