THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. JESSE WALKER.

No. 15,585.    (99 Pac. 269.)

1. NEGLIGENCE — *Fellow  Servant — Contributory  Negligence.* Questions regarding the fellow-servant rule and contributory negligence held to have depended upon the facts, and to have been submitted under proper instructions.

2. NOTICE OF CLAIM FOR INJURY—*Waiver—Consideration.* A waiver of a statutory notice of injury held not to require a consideration to support it.

Error from Labette district court; THOMAS J. FLANNELLY, judge.    Opinion filed November 7, 1908.  Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in error.

*W. D. Atkinson,* for defendant in error.

*Per Curiam:* The special findings are very complete, and every fact necessary to support the verdict is found against the defendant.  The facts are quite similar to those in *H. & St. J. Rld. Co. v. Fox,* 31 Kan. 586, 3 Pac. 320, and the law of that case with respect to the duty of the company to provide a safe place for plain-

tiff to work and its liability for the negligence of an employee who performs the duty of a vice-principal and undertakes for the company to see that proper signals are given applies to this case. (See, also, *A. T. & S. F. Rld. Co. v. Moore,* 31 Kan. 197, 1 Pac. 644.) There was no assumption of risk, because the master owed plaintiff this duty, which the superior undertook to perform. Whether the car inspector was a vice-principal and whether the plaintiff was guilty of contributory negligence were questions which the instructions properly submitted to the jury.

The petition set forth a cause of action, and stated definitely the facts showing the duty resting upon the car inspector. The answer set up a failure to give thirty days' notice of the claim for injuries, as provided in the contract of employment. The reply set up a waiver of this condition. The demurrer to the reply was not well taken, because no consideration was required to support the waiver, nor was it necessary to allege facts amounting to a technical estoppel. On this proposition see *Insurance Co. v. Ferguson,* 78 Kan. 791, 98 Pac. 231, in which it is also held that waiver is a proper question for the jury.

The case of *Railroad Co. v. Ropp,* 76 Ohio St. 449, 81 N. E. 748, 11 L. R. A., n. s., 413, is not in point. In that case there were two additional rules of the company which expressly declared that it was the duty of the car repairers themselves to protect both ends of the train, and, besides, in that case not a word was said to the plaintiff from which he had a right to assume that the other employee had complied with the rule. In this case the car inspector, the superior, directed plaintiff to go to work in a place of danger, and told him that he would go and protect the other end, and started in that direction. He neglected to do this, and his negligence was the cause of plaintiff's injury.

The judgment is affirmed.