THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. SILAS F. HASTINGS.

No. 15,841.   (100 Pac. 68.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Employee—Notice to Defendant—Declarations by Plaintiff.* Statements of the cause of the injury in a notice given by an employee of a railroad company as provided in chapter 341 of the Laws of 1905 may, when offered in evidence by the company, be considered by the jury as affecting the credibility of the plaintiff as a witness; and this also applies to his statement taken by the company soon after the injury, which should be considered in connection with his physical and mental condition at the time as affecting his understanding; but neither the notice so given nor the statement so made can be held, as a matter of law, to bar his claim.

2. PERSONAL INJURIES—*Excessive Damages.* · Considering the nature of the plaintiff's injuries, whereby both of his legs were broken, and the evidence relating thereto, the award of $4000 damages, approved by the trial court, can not be set aside by this court as excessive.

Error from Wilson district court; LEANDER STILL-WELL, judge. Opinion filed February 6, 1909. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*T. J. Hudson,* and *D. J. Sheedy,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff, Hastings, recovered damages for the fracture of both legs, caused by the alleged negligence of the railway company. He was the foreman of a gang engaged in unloading rails from a stockcar, through an opening in the rear of the car. A chain branching at one end into two parts, each of which terminated in a hook to be inserted in the bolt-hole in the rails, was used in such unloading. The forked end of the chain was in the car, and the other end on the track. Several laborers were with the plaintiff in the car. It was their duty to turn over the rails by means of short bars, so that the hooks might be inserted in the bolt-hole. When the rails were in position and the hooks inserted the plaintiff would announce: "All right." Thereupon a laborer at the other end of the chain would make it fast by means of a crowbar inserted behind a cross-tie in the track. The brakeman would then give the signal to the engineer, who would start the engine coupled to the car forward, thus pulling out two rails. The car would be unloaded by repeating this process.

When the plaintiff was injured the hooks had been inserted in two rails lying on the floor of the car. To

allow them to slip over a threshold under the door the laborers raised the ends by means of a heavy lining-bar, used as a lever, while the plaintiff thrust a block under them.   While he was doing this the car moved forward, causing the bar to swing away from the grasp of the men who were using it and strike and break the plaintiff's legs.   He alleged that the car was prematurely and negligently moved, without any signal or direction from him, and the evidence, although contradictory, tended to prove this claim.   The injury was severe and very painful.   The evidence as to its future consequences was not harmonious.

In a short time after the injury, while the plaintiff was on the way to a hospital, the conductor took a statement from him by means of printed questions read to him and answers written down by another person. In the statement is this question:

"In your opinion, was there any defect in the   .   .   . appliances or place where you were working, or any carelessness on the part of the company or any one in the company's employ tending to cause the accident? If so, what or whom?   A.  No, sir."

The plaintiff testified that he was in great physical suffering at the time, that he did not remember the conversation and did not comprehend what was going on. Some time afterward the plaintiff's attorney served a notice of the injury and of his claim for compensation, in which it was stated:

"While unloading the rails persons in the employ of your company let a steel rail or rails fall upon or strike a steel lining-bar or line-bar, causing said line-bar to fly around in such manner as to strike Mr. Hastings from behind across both legs between the knee and the foot, and to break both legs."

This notice was probably given to comply with the provisions of chapter 341 of the Laws of 1905, requiring notice that an injury has been sustained, stating the time and place.   The additional statement in the notice given that the injury was caused by the laborers

letting the rails fall upon the bar, causing it to swing around and inflict the injury, was properly before the jury with his explanation as affecting his credibility. The same remark applies to the statement taken immediately after he was hurt. The circumstances of his physical suffering and mental condition, as affecting his understanding, were all proper matters for the jury to consider, but neither the statement nor notice can be held to bar his claim as a matter of law.

The contention of the company is that the verdict is not sustained by the evidence, and that the damages ($4000) are excessive. The evidence was sufficient, if believed by the jury, to prove every fact necessary to a recovery. And we can not say that the amount of damages awarded was such as to show passion or prejudice on the part of the jury. The plaintiff was a young man, 34 years of age, earning at the time $65 per month, and holding the position of foreman. His injuries were described by witnesses and exhibited to the jury, and their finding of damages, approved by the trial court, can not be set aside here. (*Railway Co. v. Frazier*, 66 Kan. 422, 71 Pac. 831.)

The judgment is affirmed.