[L. A. No. 4374.   In Bank.—January 28, 1919.]

## SEAMER S. SMITH, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), et al., Appellants.

Negligence—Injuries to Railroad Brakeman—Written Notice of Claim—Waiver of Defense.—In an action by a railroad brakeman for damages for personal injuries sustained as the result of his employer's negligence, the defense that the action was barred by reason of the plaintiff's failure to give notice in writing of his claim to the general claim's attorney of the company as provided in the writing executed by him at the time he entered the company's employment, is waived, where a physical examination of the plaintiff was made by the company's surgeon a few days after the injuries were received, and report made by such surgeon to the general claims attorney a few days thereafter.

Id.—Mental Suffering—Evidence—Ages and Number of Children Inadmissible.—In an action for damages for personal injuries evidence as to the number and ages of the plaintiff's children is inadmissible to prove mental suffering.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Louis W. Myers, Judge.   Affirmed.

The facts are stated in the opinion of the court.

U. T. Clotfelter, M. W. Reed, Paul Burks, and Robert Brennan, for Appellants.

E. B. Drake, for Respondent.

RICHARDS, J., *pro tem.*—This appeal was originally taken to this court and was by it assigned to the district court of

appeal for the second district. The justices of that court, being unable to agree, it has been transferred to this court for hearing and determination. As to all of the points presented upon this appeal, with one exception, the opinion of Mr. Victor E. Shaw, written while the case was before the district court of appeal, correctly determines them against the appellants' contention, and hence that portion of his said opinion, reading as follows, is hereby adopted as the decision of this court:

"Action to recover damages for personal injuries alleged to have been sustained as the result of defendants' negligence.

"Upon a verdict in favor of plaintiff, whereby his damage was fixed at fifteen thousand dollars, judgment therefor was entered against the defendants, the Railway Company and Ernest Howard, who was conductor in charge of the passenger train upon which plaintiff was a brakeman when injured. Thereafter, defendants moved for a new trial, which motion was by order of court denied upon condition, complied with, that plaintiff in writing remit seven thousand dollars of the fifteen thousand dollar judgment so entered. From this judgment and the order so made denying their motion for a new trial defendants appeal.

"As a separate defense, the answer of the Railway Company alleged that at the time when plaintiff entered its employ he executed a written document, designated in the record as Exhibit 'B,' which contained a provision that, as consideration for such employment, he agreed, among other things, that if while in the service of said defendant he should sustain personal injury for which he should make claim against the company for damages, he would, within thirty days after receiving such injury, give notice in writing of such claim to the general claim agent or claims attorney of said defendant, wherein should be stated the time, place, manner and cause of the injury, together with the nature and extent thereof and claim therefor, 'to the end that such injury may be fully, fairly, and promptly investigated,' and that his failure so to do within the time so specified should be a bar to the institution of any suit on account of such injury. It was further alleged and admitted that he failed to give such notice within the time specified or at all. At the trial, and in support of said separate defense so alleged in the answer, the defendant Railway Company offered this document, Exhibit 'B,' in evidence, to which an objection interposed was overruled, with

the modification stated by the court that 'I think it is the duty of the court to give instructions with reference to it.' In accordance with which statement the jury was instructed that plaintiff's failure to give the notice did not constitute a bar or affect his right to recover in the action. Prejudicial error is predicated upon this ruling; appellants' contention being that the agreement so made requiring plaintiff as a condition of maintaining the action to give the notice within thirty days was a reasonable and lawful one, and since it was conceded that he failed so to do, the action was barred.

"Plaintiff's injury occurred on January 12, 1913, and it appears that prior to January 20th, Dr. Tyroler, who was assistant chief surgeon of the Railway Company, called upon plaintiff at defendant's hospital for the purpose of examining him and, after telling him the purpose of such examination, plaintiff said, 'You want to look me over and report to the Santa Fe Railroad Company what is the matter with me, but I have on my side of it looked after a lawyer, so fire ahead'; thereupon said surgeon representing the Railway Company made a physical examination of him and made a report to the general claims attorney of said company. 'Mr. Smith,' says the witness, 'allowed me to examine him fully, repeatedly.' He further said that he did not ask plaintiff how he was hurt, for 'I knew that from the accident report that came in; I knew all about that from our records in the office.' On cross-examination of this witness the report which he stated he had made to the general claims attorney was, without objection, introduced in evidence, which report, dated January 30, 1913, showed the place of accident, the history of the accident which, as stated, occurred in a head-end wreck, as per statement of plaintiff to surgeon, the nature and extent of the injury, together with other facts required in the making of such reports. It thus appears that, within a few days after the injury, defendant was by this report, which embodied information from plaintiff upon an examination of him by defendant's assistant chief surgeon and transmitted to the general claims attorney, fully informed and notified as to the time, place, manner, cause, and extent of plaintiff's injuries. Hence, conceding, but not holding, as claimed by defendant, that the agreement purporting to be a waiver of any claim for injuries against defendant, unless within thirty days he notified defendant in writing thereof as provided in said docu-

ment, was a reasonable and lawful one, and therefore should have been received in evidence, unrestricted in effect by the instruction given, nevertheless, as held in *Smith* v. *Chicago, R. I. & P. Ry. Co.,* 82 Kan. 136, [28 L. R. A. (N. S.) 1255, 107 Pac. 635], where a similar question arose upon a like agreement, the evidence so received constituted a waiver by the Railway Company of this provision of the contract. The purpose for which the agreement was enacted, viz., 'to the end that such injury may be fully, fairly, and promptly investigated,' was as fully served by the examination made by defendant's surgeon and report to the general claims attorney as though plaintiff had given the notice. Assuming the ruling to have been erroneous, defendant under the circumstances shown was not prejudiced by reason thereof. It follows from what is said on this point that the court did not err in refusing to instruct the jury, as requested by defendants, that the action was barred, nor to return a verdict for defendants.''

The only other point requiring discussion is that raised by the appellants' contention that the trial court was in error because of the following evidence, and that the error was sufficiently prejudicial to require a reversal of the case, viz., while the plaintiff was upon the witness-stand he was asked by his attorney: ''How many children have you?'' Objected to as irrelevant and immaterial. The court said, ''I do not see the materiality,'' to which counsel for plaintiff replied, ''It is material for two reasons. It shows the man's condition, and if he had a helpless family how much more he would suffer in pain and mental anguish if he thought he was injured.'' The court therefore overruled the objection and the plaintiff was permitted to testify that he had two children, one a boy five years old, and one a girl under three years of age. We are of the opinion that the court was in error in the admission of this evidence. While the authorities from other jurisdictions are not in harmony as to the admissibility of this sort of evidence in actions for damages for personal injuries, we think the weight of authority and of reason is against its admission. In the recent case of *Steinberger* v. *California Electric Garage Co.,* 176 Cal. 386, [168 Pac. 570], it was held to be error to admit evidence as to the plaintiff's poverty in an action to recover damages for personal injuries. In so holding, this court not only approved the rule upon this subject laid down in the case of *Green* v. *Southern Pac. Co.,* 122 Cal. 563, [55

Pac. 577], but also undertook to limit the general language employed in the case of *Merrill* v. *Los Angeles G. & E. Co.,* 158 Cal. 499, [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534], dealing with the subject of mental anguish for which recovery may be had in an action for personal injuries so as to confine the language of this latter decision to the facts of its particular case.   The mental suffering which the plaintiff sought to prove and recover for in the instant case was that which, according to his counsel's statement to the court, the plaintiff would undergo from the thought that he had a helpless and dependent family.   This necessarily implies that he would be entitled to follow up the inquiry as to the number and ages of his children with evidence that his state of poverty was such that on account of his injuries they had been rendered helpless and dependent by being deprived of his means of support.   But since the plaintiff's situation as to wealth or poverty was held not to be a proper subject of inquiry in the Steinberger case, it follows that such supporting proofs would not be admissible, and hence that the plaintiff's reason for educing proof as to the number and condition of his family would fail.   The plaintiff's mental suffering due directly to his physical injuries was properly admissible in evidence under the rule set forth in the case of *Merrill* v. *Los Angeles G. & E. Co., supra,* and its supporting cases, but the rule ought not to be so far extended as to permit a recovery also for the mental suffering of the plaintiff's family arising out of the fact of his injuries.   While we are therefore of the opinion that the trial court was in error in admission of this evidence as to the number and ages of the plaintiff's children, we are not inclined to adopt the appellant's view that the admission of this evidence was so far prejudicial as to compel a reversal of this case.   A careful study of the record before us would rather lead to the contrary conclusion.   The plaintiff and his wife were both witnesses upon the trial, and it was thus disclosed to the jury that so far, at least, the plaintiff was a man of family.   Aside from the brief episode of the admission of this evidence above set forth, no special emphasis was given it either by the court in the instructions which it gave, or by the defendant in asking for any instructions embodying its contention that such evidence should not be considered by the jury.   On the contrary, the instructions which the court actually gave upon the subject of the plaintiff's mental suffer-

ing stated what has long been the correct rule upon this subject, since by the terms of such instructions the jury was limited to "such reasonable sum as the jury shall award 'him on account of physical pain and mental anguish he has suffered *by reason of* his said injury." (*Malone* v. *Hawley,* 46 Cal. 409.) The record in this case further discloses that the plaintiff suffered very serious and permanent injuries sufficient to have justified a large verdict in his favor if the testimony of himself and his witnesses was to be believed; that the defendant substantially admitted its liability for such injuries as the plaintiff was actually shown to have suffered; that the jury brought in its verdict in the plaintiff's favor for the sum of fifteen thousand dollars, which sum the court upon motion for a new trial reduced to the sum of eight thousand dollars. The appellants neither upon new trial nor appeal specified any misconduct on the part of the jury or made any contention that its verdict was the result of passion or prejudice, except in so far as the single error above complained of might have produced such a result. Such being the state of the record in this case we are unable to arrive at the conclusion that the error of the trial court in the admission of the foregoing evidence as to the number and ages of the plaintiff's children was sufficiently prejudicial to justify a reversal of this case.

Judgment affirmed.

Sloss, J., Wilbur, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Melvin, J., who dissented.