No. 25,016.

FRANK STONE, *Appellant*, v. THE CITY OF PLEASANTON, *Appellee*.

SYLLABUS BY THE COURT.

DAMAGES—*Action by Father for Negligent Injuries to His Minor Son—Elements of Damages Not Recoverable*. In an action against one who negligently injures a minor child, the father cannot recover for prospective medical care, nursing, wigs, or artificial arms for the child.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed February 9, 1924. Affirmed.

*John A. Hall*, of Pleasanton, for the appellant.

*A. M. Kent*, of Pleasanton, *W. P. Dillard*, and *Harvey W. Fisher*, both of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order striking out certain portions of the petition and amended petition of the plaintiff, who sued to recover damages sustained by him on account of injury to his son, Elmer L. Stone, caused by the negligence of the defendant in operating an electric light plant in the city of Pleasanton. The boy has recovered judgment for the damages sustained by him on account of the injuries he sustained. (*Stone v. City of Pleasanton*, ante, p. 378.)

On motion of the defendant, the court struck out of the petition and the amended petition allegations to show that a guy wire, hanging from an electric light pole, was an attractive nuisance; to show the extent of the plaintiff's family; to show the extent of the injuries sustained by Elmer L. Stone; to show future damages on account of medical services for Elmer L. Stone; to show future damages on account of the purchase of wigs and artificial arms for Elmer L. Stone; and to show future damages for nursing for Elmer L. Stone.

The rule is that Elmer L. Stone, the injured person, can recover all the damages sustained by him from the time of his injury until the time of his death; that the father can recover damages sustained by him by reason of nursing, medical care, and attention given in an effort to restore the boy to health, and can recover damages sustained by reason of the loss of the services of the boy from the time of his injury until he becomes twenty-one years of age; but, that the father cannot recover on any item of damage for which the son can recover, nor any prospective damage other than loss of service. Neither father nor son can recover for anything for which the other can recover. The damages for which the father can recover, outside of loss of service, are limited to the expenses he has incurred in attempting to restore the boy to health.

In 29 Cyc. 1652-1653, it is said:

"The parent may recover the expenses incident to the care and cure of the child, such as medical or surgical attendance, nursing, and other expenses rendered necessary by the injury. But the parent can recover only for the expenses of restoring the child to health and not for expenses subsequently incurred in attempting to remove a disfigurement of the child, affecting its appearance only, resulting from the injury. The parent can recover for such expenses only as have been actually incurred or are immediately necessary to be incurred, and not for future prospective or contingent expenses."

In 20 R. C. L. 615, the author says:

"For the personal injury and suffering of a child occasioned by a tort committed on it, the father cannot recover any damages, but the child must sue therefor by its guardian or next friend. The common law, with its usual disregard of sentimental considerations. affords a parent, as such, no remedy for an injury to his child. He can recover only for his pecuniary loss thereby, and his pecuniary loss includes two elements: His loss of the child's services and earnings, present and prospective to the end of the minority, and the medical expenses incurred in effecting or attempting to effect a cure."

The plaintiff cannot recover for any of the items stricken out of the petition or the amended petition.

Other allegations were stricken out of the petition and amended petition, but they did not set out matters that entered into the plaintiff's cause of action, and no error was committed in striking them out.

The judgment is affirmed.