No. 26,104.

J. L. TARTAR, *Appellee*, v. MISSOURI-KANSAS-TEXAS RAILROAD
COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Liability of Master for Injuries—Assumption of Risk.*
The defendant's demurrer to the petition and its demurrer to the plaintiff's
evidence were properly overruled, and the answers of the jury to special
questions did not show that the plaintiff assumed the risk of injury from
the defect which caused the accident in which he was hurt.

2. EVIDENCE—*Competency—Expert Testimony—Physicians.* The court is un-
able to say that there was error in the admission of the evidence of physi-
cians who testified as experts for the plaintiff.

3. SAME—*Instructions.* No error appears in the instructions given.

4. SAME—*Verdict—Special Questions.* The answers of the jury to special
questions are not inconsistent with the general verdict and do not over-
throw it.

5. TRIAL—*Misconduct of Counsel.* The abstract presented to this court does
not show prejudicial misconduct of counsel for the plaintiff.

6. MASTER AND SERVANT—*Liability of Master for Injuries—Excessive Damages.*
The judgment for $20,000 for personal injuries appears to be excessive. It is
reduced to $15,000 if the plaintiff elects to accept judgment for that amount;
if he refuses to accept, a new trial is directed.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed
December 5, 1925. Modified and affirmed.

*W. W. Brown, C. E. Pile,* both of Parsons, and *J. W. Finley,* of Chanute, for
the appellant.

*Hugh P. Farrelly, T. R. Evans,* both of Chanute, *Frank E. Dresia* and
*Charles Stephens,* both of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor
of the plaintiff for $20,000 for injuries sustained by him while work-
ing as a brakeman on an interstate railroad train operated by the
defendant.

The jury answered special questions as follows:

"1. If·you find the joint of pipe struck the plaintiff, please definitely state
what if any injuries he sustained, naming the injured parts, if any. Answer.
Yes. In the lumbar region.

1. Master and Servant, 26 Cyc. pp. 1199, 1397.   2. Evidence, 22 C. J. § 761.
4. Master and Servant, 26 Cyc. p. 1513; Trial, 38 Cyc. p. 1927.   5. Appeal and
Error, 4 C. J. § 2317.   6. Damages, 17 C. J. § 408; L. R. A. 1915F, 30; 8 R. C.
L. 674.

Tartar v. Missouri-K.-T. Rld. Co.

"2. (a) Did Inspector Howard inspect the load on the car in question the morning of April 1, 1923? Answer. (a) Yes.

"(b) Did he find the load of pipe on this car had shifted and was dangerous? Answer. (b) Yes.

"(c) Did he order the car of pipe held and the load made safe by Foreman Toman and his men? Answer. (c) Yes.

"(d) Was Foreman Toman and his men engaged in readjusting the load of pipe immediately before the train crew moved it? Answer. (d) Yes.

"(e) Had Foreman Toman and his men completed readjusting the load of pipe at the time the train crew moved it? Answer. (e) No.

"3. If you find plaintiff was injured, was the injury the result of an ordinary risk of his employment? Answer. No.

"4. Was the load of pipe in the car in question unsafe and dangerous while the train crew switched it about the yards at Paola? Answer. Yes.

"5. If you answer the last preceding question in the affirmative, was this dangerous condition plain to be seen? Answer. Yes.

"6. If you answer the last preceding question in the affirmative, would an ordinary prudent person have appreciated the danger? Answer. Yes; but not from the plaintiff's position.

"7. If you find for plaintiff, (a) what is the total amount of your verdict? (In absence of any contributory negligence on his part.) Answer. (a) $20,000.

"(b) How much, if anything, should be deducted from this sum for plaintiff's contributory negligence? Answer. (b) Nothing.

"8. If you find for plaintiff, please specify the ground or grounds of negligence upon which you base your verdict? Answer. Moved contrary to inspector's order.

"9. Do you find that the plaintiff now has any permanent incurable injury, and if so, state fully what the same is and where located? Answer. Yes; injury to nerves and muscles in the lumbar region.

"10. If you find for the plaintiff, state how much, if anything, you allow him for each of the following items: (a) Pain and suffering already had? Answer. $10,000. (b) Any permanent injury found by answer to question, No. 9? Answer. $10,000.

"11. Do you find that defendant, its agents and employees were guilty of negligence toward plaintiff, which proximately caused injury to plaintiff, by moving said car in the condition it was in, without previous notice or warning to plaintiff? Answer. Yes."

The defendant contends that its demurrer to the petition should have been sustained; that its demurrer to the evidence of the plaintiff should have been sustained; that the special verdict established that the plaintiff assumed the risk of the danger which caused his injury; that there was error in the admission of certain evidence on behalf of the plaintiff; that there was error in the instructions given; and that it was error to render judgment in favor of the plaintiff and overrule the defendant's motion for judgment on the special verdict returned by the jury because the special verdict and the general verdict were inconsistent with each other and because the special

verdict overthrew the general verdict. The defendant also contends that the verdict was excessive and that there was misconduct of counsel sufficient to cause a reversal of the judgment.

1. The basis of the contention of the defendant concerning its demurrer to the petition and its demurrer to the plaintiff's evidence is that the petition and the plaintiff's evidence each showed that the plaintiff assumed the risk of injury by the defect which caused the accident in which he was hurt. The defendant argues that the special verdict established that the plaintiff assumed that risk.

In *Brinkmeier v. Railway Co.*, 69 Kan. 738, 77 Pac. 586, this court declared that—

"A railroad brakeman whose duty requires him to couple cars does not assume the risk of injury from a defective coupling apparatus unless he knows, or from all the circumstances should know, the danger arising from its use." (Syl. ¶ 2.)

In *Smith v. Railway Co.*, 82 Kan. 136, 138, 107 Pac. 635, the following language was used:

"If the jury believe the plaintiff's testimony that he did not know of the condition of the ties and rails, it disposes of the defense of assumed risk."

*Wells v. Swift & Co.*, 90 Kan. 168, 172, 133 Pac. 732, records the following:

"It is contended that even if the machinery was defective the plaintiff cannot recover because he assumed the risk. In order for this principle to apply it is not enough that an employee should know the physical facts regarding the mechanism from which he receives an injury; he must also know, or be under an obligation to know, of the danger to which he is subjected."

Assumption of risk can be declared as a matter of law where an employee sees the danger, knows what its consequences may be, and continues his work with that danger confronting him. Assumption of risk cannot be declared as a matter of law unless the employee knows, or should know, what the danger is and knowing the danger continues in the performance of his labor.

In the present case there was nothing in the petition to disclose that the plaintiff saw or knew the danger which resulted in his injury. The petition, therefore, was good as against the demurrer based on assumption of risk by the plaintiff. The plaintiff testified that he did not know of the defective manner in which the pipe which injured him had been laid on the car. That evidence compelled the court to overrule the demurrer to the evidence and compelled the court to submit to the jury, under proper instructions, the

question of assumed risk. The jury found that the plaintiff did not assume the risk, and in effect found that, although plain to be seen, the plaintiff from his position did not see the danger. The findings of fact did not show that the plaintiff assumed the risk.

2. One of the contentions of the defendant is that there was error in the admission of the testimony of certain physicians who testified in behalf of the plaintiff. The defendant says:

"In the trial of this cause certain physicians, who were not the physicians called by plaintiff to give him professional treatment immediately after the injury, and who were physicians to whom plaintiff went for examination and consultation after he had filed this cause, were permitted to testify on plaintiff's behalf relative to their opinions as to plaintiff's injury and the permanent condition thereof from both subjective and objective examinations."

In the defendant's abstracts of the evidence of those witnesses there is nothing to indicate that the opinion of any one of them was based on subjective examination, on the history of the case, or on what the plaintiff said to them. Those witnesses answered hypothetical questions which were propounded to them by the plaintiff, but those questions are not set out in the abstracts of the defendant. However, those questions and the answers to them have been set out in the counter abstract of the plaintiff. No error appears in them.

The plaintiff testified to his condition, the effect of his injuries, and the pain that he suffered. The physicians testified to all of the objective symptoms found by them, and when asked as to what the plaintiff told them, testified as to the statements made by him. This was improper, but was not materially prejudicial, because the plaintiff himself testified to those symptoms. The evidence concerning them was therefore before the jury independent of what the physicians may have testified to concerning what the plaintiff told them. There was no error in the admission of the evidence of the physicians who testified as experts for the plaintiff.

3. Complaint is made of certain instructions given by the court. After an examination of them, the court is unable to see any error in them.

4. The defendant contends that the answers to the special questions were inconsistent with the general verdict and overthrow it, and for that reason it was error for the court to render judgment for the plaintiff and to deny the motion of the defendant for judgment in its favor on the special findings of the jury. The determination of these propositions depends upon an examination of the answers of

the jury. Such an examination does not reveal any contradiction between the general verdict and special questions and does not show that they overthrow the general verdict. It was not error to render judgment in favor of the plaintiff and deny the motion of the defendant for judgment in its favor on the special verdict.

5. The defendant contends that counsel for the plaintiff was guilty of such misconduct as compels this court to reverse the judgment. The abstract of the defendant does not disclose any prejudicial misconduct on the part of counsel for the plaintiff.

6. The defendant contends that the verdict for $20,000 was excessive. There was evidence which tended to show that the plaintiff was badly injured; that he suffered great pain at the time he was injured and continuously thereafter suffered pain until the time of trial; that numbness in one of his legs resulted; that the injury caused him to become irritable and cross; that he could not sleep; that after the injury he could not take part in the amusements and pleasures which he had previously enjoyed; that he had great difficulty in performing any labor; that before he was injured he had always enjoyed good health, and was a strong, able-bodied man; and that he was thirty-nine years old when he was injured. The jury allowed $10,000 for pain and suffering. While pain and suffering are hard to measure and harder to compensate, yet $10,000 is an extremely large amount to allow when compensation is the only matter to be considered after ascertaining as far as possible the extent of the suffering. The amount for pain and suffering is so large that this court cannot allow it to stand.

The plaintiff may elect to accept a judgment for $15,000 if he so desires. If he does so elect, the judgment is affirmed; if he does not so elect, the judgment is reversed, and a new trial is directed.

DAWSON, J. (dissenting): The vice in the verdict for $20,000 still inheres in the amount allowed.