## No. 28,215.

GENEVA GREEN, *Appellee,* v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of The Kansas City Railways Company, The Kansas City Public Service Company, and The Wyandotte Railways Company, *Appellants.*

(268 Pac. 825.)

Opinion filed July 7, 1928.

*Fred Robertson, Edward M. Boddington, W. E. Stickel,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellants.

*J. Willard Haynes, E. H. Henning* and *A. M. Etchen,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injury. The plaintiff recovered, and defendants have appealed. The principal question argued is that the amount of the judgment is excessive. It is further argued that a new trial should have been granted

because of the bias and prejudice of the jury as shown by the excessive verdict.

The evidence tended to disclose that on March 16, 1927, about 3:30 p. m., plaintiff boarded one of defendants' street cars at Eighth and Richmond avenue in Kansas City as a passenger; that the car was equipped with doors and a step that folded as the doors were closed. These were operated by the conductor by means of a lever; that when plaintiff boarded the car, before she had an opportunity to move forward, the conductor closed the doors suddenly and forcibly, so that the doors folded together upon and caught plaintiff's right foot and heel, causing plaintiff to fall to the floor; that her heel was so firmly caught in the doors that the conductor had to open them before her heel could be released. Plaintiff was confined to her bed about three weeks, and at the time of the trial, some nine months later, she testified that it had continued to cause her pain when she walked or stood. A physician, called to treat her the next day after the injury, testified:

"I found her in bed and the heel was pretty badly swollen at that time, and about the size of an ordinary ball. There was present over the plantar surface of the heel and in the neighborhood of the Achilles tendon, . . . a blood clot which was the cause of the swelling. She was unable to bear weight on it for a number of weeks. . . . I continued to treat her . . . as late as the 11th of the next month. I think this woman had a rupture of the tendenous portion of the heel, with a pulling away of the periosteum of the heel bone. . . . That sort of an injury would have a tendency to be painful. . . . It may be permanent, and as long as it remains it is more or less painful."

At the time of the trial a commission of physicians appointed by the court examined her, and X-ray photographs were taken. These did not disclose any injury to the bone. They would not show whether there were strained or torn ligaments. The objective examination made by these physicians and the X-ray plates did not disclose an abnormal condition. These physicians were unable to say whether she suffered pain. There was evidence that plaintiff carried an accident insurance policy on which she was paid for two weeks for this injury.

The above is a synopsis of the evidence, in so far as it pertains to the amount of recovery. The verdict was for the plaintiff for $2,000. On the hearing of defendant's motion for a new trial the court thought the verdict too large and stated he would grant a new trial unless plaintiff consented to a remittitur to $1,000. Plaintiff

consented to the remittitur, and judgment was entered for plaintiff for $1,000.

On this appeal defendants contend that the judgment is still much in excess of what it should be, and ask this court to order a further remittitur, and in the event that plaintiff does not consent thereto to direct a new trial. We do not feel justified in doing so on this record. The only time this court feels justified in directing a remittitur is when, under the facts disclosed by the record, there is nothing in the record to indicate passion or prejudice of the jury other than the amount of the verdict, and the judgment is so large that it cannot in reason be allowed to stand. (*Stone v. City of Pleasanton,* 115 Kan. 378, 223 Pac. 303; *Tartar v. Missouri-K.-T. Rld. Co.,* 119 Kan. 738, 241 Pac. 246.) As was well said in *Watson v. Parker Township,* 113 Kan. 130, 136, 213 Pac. 1051:

"It is only when the evidence will not support the sum allowed, or the sum itself is so large as to shock the conscience of this court, that we feel at liberty to order a remittitur or a new trial at the option of the plaintiff."

We cannot say that situation exists in this case. While there is evidence which, if given full credence by the jury, would have justified a smaller amount, there was, on behalf of the plaintiff, evidence which supports the judgment rendered.

Appellants argue that a new trial should have been awarded because of the excessive verdict, and point to the fact that the court cut the jury's verdict in two, and they argue the reduced sum is still too large; hence that a new trial should have been granted on account of the bias, passion or prejudice of the jury. It not infrequently occurs that a jury, in an action for damages, returns a verdict in excess of that which the trial court or this court deems proper under the evidence, and without any other indication of passion or prejudice on the part of the jury. In such cases the fact that the verdict is larger than the court can sustain does not require a new trial if plaintiff is willing to consent to a proper remittitur. (*Mo. Pac. Rly. Co. v. Dwyer,* 36 Kan. 58, 12 Pac. 352; *Broquet v. Tripp,* 36 Kan. 700, 14 Pac. 227; *U. P. Rly. Co. v. Mitchell,* 56 Kan. 324, 43 Pac. 244; *Railway Co. v. Frazier,* 66 Kan. 422, 71 Pac. 831; *Argentine v. Bender,* 71 Kan. 422, 80 Pac. 935.)

The judgment of the court below is affirmed.